## HENRY C. HOUSTON

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* THE PEORIA & ROCK ISLAND RAILWAY CO.

1. MINISTERIAL OFFICERS—*not to decide whether they shall act—countersigning bonds by a town clerk.* Where bonds issued by a township on a subscription to the stock of a railroad company, are required by law to be countersigned by the town clerk before being delivered, such act of countersigning is a mere ministerial act, and it is not the province of such clerk, when called upon to do the act, to determine whether the proper steps have been taken to authorize the issuance of the bonds.

2. So upon an application for a mandamus to compel a town clerk to countersign such bonds, which had been executed by the town supervisor, it was *held*, the clerk could not set up matters affecting the legality of the steps required by law to be taken before the bonds could properly issue, as a reason for refusing to countersign them. The law provides another mode for determining such a question.

APPEAL from the Circuit Court of Woodford county.

This was an application made to the circuit court of Peoria county, in the name of the people, on the relation of The Peoria and Rock Island Railway Co. for a writ of mandamus, against Henry C. Houston, town clerk of the town of Akron, in Peoria county, to compel such clerk to countersign certain

bonds of the township, which had been executed by the town supervisor, and to which the relators claimed they were entitled.

The proceeding was removed, on change of venue, into the circuit court of Woodford county.

The alternative writ set out that the relators were an incorporated company, engaged in building a railroad from Peoria to Rock Island, and that their line runs through said town of Akron. The relators allege that under the charter of said company, the question was submitted to the voters of said town, whether the town, in its corporate capacity, should subscribe for 300 shares of $100 each, amounting in the aggregate to $30,000, to the capital stock of said company; that at an election held for that purpose, a majority of the votes cast at such election were "for subscription." It is alleged that all the various steps required by law to render the subscription legal, were taken, and the subscription made; that afterwards the town was called upon, together with other subscribers, to make payment of ten per cent upon its subscription, making the amount due thereon from the town, $3000 payable in the bonds of the township, and the supervisor of the town executed bonds to the relators for that amount. The relators further alleged that said supervisor thereupon presented the bonds to the respondent, as township clerk, to be by him attested, as required by law, but that he refused to attest the same.

The respondent, as his reason for refusing to attest or countersign such bonds, set out his objections to the regularity and sufficiency of the various steps required by law to be taken, to authorize their issuance.

A demurrer to the return was sustained, and the respondent abiding by his return, a peremptory writ was awarded.

The respondent thereupon took this appeal.

Messrs. BURNS & BARNES and Messrs. WEAD & JACK, for the appellant.

Messrs. BRYAN & COCHRAN, for the appellees.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The appellant being town clerk, the act of countersigning the bonds in question was a mere ministerial act. It was not the province of such clerk to determine whether the proper steps had been taken to authorize the issuance of the bonds. If valid reasons existed why they should not be issued, the law provides a mode in which that question could be properly determined. *The People* v. *Dean,* 3 Wend. 438. The judgment of the court below must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCOTT took no part in the decision of this case.