Elisha B. Steere

*v.*

William J. Brownell.

*Filed at Springfield January 18, 1888.*

124   27
134   530

124   27
38a  264

124   27
139   316

124   27
97a  4591

124   27
102a  1391
102a  2391
102a  1553

1. Limitation—*as to set-off—statute construed.*  Section 17 of the Limitation law gives a defendant the right to plead a set-off or counter-claim barred by the statute, while held and owned by him, to any action the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counter-claim was so barred, the same as if it was not so barred; and the defendant, as to such set-off, may recover judgment against the plaintiff for any balance found to be due him, the same as in other cases.

2. Section 17 of the Limitation law, and section 30 of the Practice act, relating to the same subject matter,—set-off,—are *in pari materia,* and must be taken and construed together.  The purpose of section 17 is to extend the right given by section 30 to a class of cases where the right could not otherwise be exercised.

3. Remedy *by statute—draws rights incident to it.*  Where the legislature gives a right of action, as, to maintain assumpsit, to plead set-off, and the like, when it did not and could not otherwise exist, the presumption is that all the rights incident to the assertion and maintenance of the right so given are also conferred.

4. Construction of statute—*general rule.*  The general rule is, that the words of a statute are to be interpreted according to their common and popular acceptation and import, and in such way as to carry into effect the whole law; but words of known legal import are to be considered as having been used in that known sense, or according to their strict acceptation, unless there appears a manifest intention to use them in their common or popular sense.

5. It is not permissible for the courts to insert in a statute, words not used by the legislature.  The meaning and intent of the legislature are to be ascertained from the words employed, without adding thereto or taking therefrom.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. Owen T. Reeves, Judge, presiding.

The plaintiff filed the common counts in assumpsit.  The defendant pleaded general issue, payment, Statute of Limitations and set-off.  To the plea of set-off, plaintiff, under leave,

filed several replications, the third being that the defendant ought not to have his set-off, etc., except as to the sum that shall be found due on plaintiff's claim, because, he says, the several supposed causes of action in the plea of set-off men- tioned, did not, nor did any of them, accrue to the defendant at any time within five years before the commencement of this suit, etc., to which replication the defendant rejoined, that the claims mentioned in defendant's plea of set-off were held and owned by the defendant at the time they became barred, and that the plaintiff's cause of action was held and owned by plaintiff before the defendant's claim was barred, etc. A de- murrer was interposed to this rejoinder, and overruled, and plaintiff elected to abide by his demurrer. The cause was tried upon the issues presented by the other pleadings, and resulted in a finding for defendant, on his plea of set-off, for $342.65. A motion for a new trial was overruled, and judg- ment against plaintiff on verdict. On appeal to the Appellate Court for the Third District, the judgment of the circuit court was affirmed, and plaintiff below prosecutes this further appeal.

Mr. THOMAS C. KERRICK, and Mr. JOSEPH W. FIFER, for the appellant:

The right of set-off is statutory. It did not exist at common law. 1 Chitty's Pl. (14th Am. ed.) 568.

To plead to an action is to answer the declaration in a for- mal manner. A set-off is something more than an answer to the action. As to the excess above the plaintiff's debt or damages, it is to all intents an action.

The counter-claim, though barred, may be used as a shield against the plaintiff's claim; but, having served the purpose of defeating that claim, it has no further vitality. The statute does not provide that the claim shall be revived. It merely provides that it may be pleaded to the action, and makes no provision, as does section 30 of the Practice act, for a recovery over.

Mr. JAMES E. EWING, and Mr. JOHN E. POLLOCK, for the
appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

. But one question arises in this case which we deem it nec-
essary to discuss. It arises on the demurrer to the rejoinder
to a replication to the plea of set-off, and involves the construc-
tion of section 17, chapter 83, (Limitations,) of the Revised
Statutes. The question is, whether that section of the Limit-
ation act, in the cases therein mentioned, removes the bar of
the statute from a claim pleaded as a set-off, to the extent of
the entire claim so pleaded, or only so far as may be neces-
sary to defeat the plaintiff's cause of action. That section
is as follows: "A defendant may plead a set-off or counter-
claim barred by the Statute of Limitations, while held and
owned by him, to any action the cause of which was owned
by the plaintiff or person under whom he claims before such
set-off or counter-claim was so barred, and not otherwise."

It is insisted by counsel for appellant, that the provision
allowing the defendant to plead his set-off or counter-claim
"to any action," etc., means no more than to defeat such
action; that when the defendant seeks to recover over, he is
doing more than to plead to the action; that as to any excess,
he is, in effect, setting up a new, independent cross-action;
that the statute intends only to furnish the defendant a shield
against the plaintiff's claim. The 30th section of the Practice
act, giving the right of set-off, is as follows: "The defendant
in any action brought upon any contract or agreement, either
expressed or implied, having claims or demands against the
plaintiff in such action, may plead the same or give notice
thereof under the general issue, or under the plea of payment;
and the same, or such part thereof as the defendant shall prove
on trial, shall be set off and allowed against the plaintiff's de-
mand, and a verdict shall be given for the balance due. And
if it shall appear that the plaintiff is indebted to the defend-

ant, the jury shall find a verdict for the defendant, and certify to the court the amount so found; and the court shall give judgment in favor of such defendant, with the costs of his defence."

The section last quoted is section 19 of the Practice act of 1845, re-written, and, together with the other section quoted, was incorporated in the general revision of 1872-74, and they are to be construed as part of said revision. The section first quoted saves out of the general Limitation law, in certain specified cases, the right to plead set-off, given by the section of the Practice act. The purpose of section 17 is to extend the right given by the section of the Practice act to a class of cases where the right could not otherwise be exercised. It is manifest that these two sections, relating to the same subject matter, are *in pari materia,* and must therefore be taken and construed together.

By the section of the Practice act, the right of the defendant to plead set-off or counter-claim, and to recover over as to any excess, is clearly given. Now, if these two sections are read together, as parts of one law, as they must be, it will be observed that the right given in the cases specified in section 17 is as broad as that given by the 30th section of the Practice act, and is without limitation, except that the defendant must have been the holder and owner of his claim at the time it became barred, and that the plaintiff, or those under whom he claims, must then have held and owned the plaintiff's claim. The one section provides that in all cases where set-off is pleaded, and it appears in proof that the set-off exceeds the plaintiff's claim as proved, judgment shall be rendered over for the defendant for such excess. By the other section, the right to plead set-off, without any limitation as to result, in the cases within the purview of such section, is also given, and it is apparent, we think, that all the incidents of the right given by the 30th section pass to the defendant when he brings himself within the cases specified in the 17th sec-

tion of the Limitation act, and that therefore, in such case, the right of the defendant to plead set-off exists precisely as if the bar of the statute had not interposed. Where the legislature gives a right of action,—as, to maintain assumpsit, to plead set-off, and the like,—where it did not or would not otherwise exist, the presumption is that all the rights incident to the assertion and maintenance of the right so given are also conferred.

The construction contended for by counsel for appellant can not obtain, for the further reason that it would require us, by construction, to interpolate into section 17 of the Limitation act, words not there found, limiting the removal of the bar only to the extent of the plaintiff's claim. · It is not permissible for the court to insert words in the statute not used by the Legislature. The meaning and intent of the legislature are to be ascertained from the words employed, and we are not permitted to qualify the words of the act by arbitrarily introducing words which would limit the removal of the bar to so much, only, of the defendant's claim as might be necessary to defeat the plaintiff's recovery. (Dwarris on Stat. 190, 199.) This author quotes TINDAL, C. J., as saying, in *Everett* v. *Mills*, 4 Scott, (N. C.) 531: "It is the duty of courts to confine themselves to the words of the legislature,—nothing adding thereto, nothing diminishing. We must not import into an act a condition or qualification which we do not find there." Dwarris on Stat. 200.

As we have seen, an argument is attempted to be based upon the language of the section giving the right to plead set-off "to the action," etc., of the plaintiff. The general rule undoubtedly is, that the words of the statute are to be interpreted according to their common and popular acceptation and import, and in such way as to carry into effect the whole law; but words of known legal import are to be considered as having been used by the legislature in that known sense, or according to their strict acceptation, unless there appears a

manifest intention to use them in their common or popular sense. (*Supra.*) Pleas of set-off and counter-claim are pleas to the action,—pleas in bar of the action. This is well understood, and the legislature having provided that the defendant's set-off or counter-claim may be pleaded "to the action," it will be presumed that this language was employed in technical legal acceptation. Any plea to the merits of a cause is a plea to the action, and a plea of set-off or counter-claim is a plea to the merits.

There are some other minor objections relating to the admission and rejection of testimony, which we have carefully examined, but do not deem them of sufficient importance to require discussion. They have been correctly disposed of in the opinion of the Appellate Court in this case. The facts, as a matter of course, are settled against appellant by the judgment of the Appellate Court, and we are not at liberty to review them.

Finding no reversible error in this record, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*