97 587
r194s 526

## Lawrence E. McGann, Commissioner of Public Works, v. The People, etc., ex rel.

1. Mandamus—*Writs of, Not To Be Issued Unless the Applicant Shows a Clear Right to the Relief Sought.*—A writ of mandamus should not be issued unless the petitioner shows a clear right to the relief sought and avers in his petition every material fact necessary to show that a legal duty rests upon the respondent to do that which it is sought to compel him to do.

2. Same—*When an Applicant for the Writ Is Prevented from Completing Within a Limited Time by Injunction.*—A party acting under the provisions of an ordinance authorizing him to do so, applied for and obtained from the commissioner of public works a permit to lay a switch track in a public street in the city of Chicago to be completed within thirty days, and began the work, but was prevented from completing it within the time limited, by an injunction. Subsequently the injunction was vacated, and the thirty day limit having expired, he applied to the commissioner for another permit to proceed with the work. Upon the commissioner's refusal he applied for a writ of mandamus to compel him to issue it. *Held,* that upon his showing that he was not at fault in failing to comply with the order of the department of public works in regard to the construction of the track, having been restrained by injunction and its vacation, he was entitled to the writ.

3. Same—*Right to the Writ, When Not Affected by the Repeal of the Ordinance Under Which the Applicant Is Acting.*—A party acting under an ordinance authorizing him to lay a switch track in a public street in the city of Chicago, obtained from the commissioner of public works a permit entitling him to proceed with the work but to complete it within thirty days; he was restrained by an injunction from proceeding with the work, which was subsequently vacated, but not until the time limited had expired, and in the meantime the ordinance authorizing him to lay the track had been repealed. *It was held* that he had, by virtue of the ordinance giving him permission to lay the track and the work done by him thereunder, acquired a right of which he could not be divested by the subsequent action of the city council in attempting to repeal the ordinance authorizing him to lay such track.

4. Cities—*Power Under the Act of 1874 to Grant the Right to Lay Tracks in Streets Restricted to Steam and Horse Railroad Companies.*—The statute (Clause 90 of Section 1, Art. 5, Ch. 24, R. S. 1874) restricts the power of a city council to grant the use of, or the right to lay tracks in streets to steam or horse railroad companies, but does not restrict the right to grant the use of the streets for such purposes to individuals.

5. Statutes—*Must Be Interpreted to Mean What Is Plainly Expressed.*—Where a law is plain and unambiguous, whether expressed in general or limited terms, it must be interpreted to mean what it plainly

expresses. Courts are not at liberty to search for points or even probable meanings repugnant to the one plainly declared in the legislative enactment.

6. SAME—*Where the Object of the Legislature Is Plain.*—Where the object of the legislature is plain and the words of the act unequivocal, courts can not adopt a construction which they may suppose to have been the intention of the legislature, where such supplied intention is not supported by the words of the statute.

7. SAME—*Imperative Rule of Construction.*—There can be no departure from the plain meaning of a statute on the grounds of its unwisdom or of public policy. Contracts and statutes are to be read, understood and enforced according to the nature and obvious import of the language used, without resorting to subtle and forced construction for the purpose of either limiting or extending their operation. It is the duty of the courts to accept a statute as they find it, and enforce it as plainly written.

8. JUDICIAL DECISIONS—*Rule of Construction.*—In determining what courts have decided, it is to be borne in mind that it is not so much that which may happen to have been said in delivering an opinion that constitutes the law of the case, as that which was necessarily decided by the judgment given.

9. ORDINANCES—*Ministerial Officers Not to Give Their Opinion of Their Invalidity as a Reason for Disobeying Them.*—A ministerial officer can not set up as a reason for refusing to comply with the ordinance in this case, his opinion that it was invalid. The duty of such officers is to obey the ordinances of the city.

**Petition for Mandamus.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 1, 1901.

Statement.—This cause arose upon a petition for a writ of mandamus asking that Lawrence E. McGann, as commissioner of public works of the city of Chicago, be compelled to issue a permit to the petitioner, M. D. Coffeen, to lay a switch track on Jefferson street from a connection with the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad tracks to Wayman street and along Wayman street to Desplaines street. . The petitioner claimed the authority to have this permit by virtue of an ordinance passed by the city council of the city of Chicago on the third day of February, A. D. 1896. The petition, among other things, set forth that under the terms and provisions of the general ordinances of the city of Chicago it was the duty of

petitioner to apply for and obtain a permit from the commissioner of public works of said city before entering upon the work of laying said switch track, and that petitioner, on or about February 12, 1896, made such application in writing, and on or about February 15, 1896, said commissioner of public works issued to petitioner a permit in writing, authorizing petitioner to proceed with the work of constructing said switch track, in accordance with the provisions of said ordinance, it being provided in said permit that the work should be completed within thirty days, otherwise the permit to become null and void; that thereupon petitioner, by the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, which had undertaken to do the work for petitioner, commenced to lay said track, but before the same had been completed the said railroad company, induced thereto by the Chicago, Milwaukee & St. Paul Railway Company, tore up the portion of the track so constructed and refused to relay the same or to proceed further with the construction of said track; that on February 26, 1896, immediately after the tearing up of the portion of the track so constructed as aforesaid and before petitioner could recommence the work, the said Chicago, Milwaukee & St. Paul Railway Company exhibited and filed in the Circuit Court of the United States for the Northern District of Illinois, Northern Division, its bill in chancery against petitioner, praying, among other things, that petitioner, his assigns, agents, servants and employes, be perpetually enjoined and restrained from laying down, constructing or attempting to lay down or construct, the switch track in said ordinance mentioned; and that afterward and on or about April 4, 1896, there was entered by said court an order or decree so enjoining and restraining petitioner until the further order of said court, which said order or decree of injunction remained in full force and effect until on or about November 10, 1898, when the same was vacated in obedience to the mandate of the United States Circuit Court of Appeals for the Seventh Circuit (Coffeen v. C., M. & St. P. Ry. Co., 84 Feb. Rep. 46), and

on the 9th day of January, 1899, the said bill of complaint was dismissed out of said court.

CHARLES M. WALKER, Corporation Counsel and WILLIAM H. ARTHUR, Assistant Corporation Counsel, attorneys for appellant.

MORRIS ST. P. THOMAS, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

It is quite true, as is urged by appellant, that a writ of mandamus should not be issued unless the petitioner shows a clear right to the relief sought and avers in his petition every material fact necessary to show that a legal duty rested upon the respondent to do that which it is sought to compel him to do. Swift v. Klein, 163 Ill. 269; People v. Village of Crotty, 93 Ill. 186; People ex rel. McCagg v. Mayor, etc., 51 Ill. 18.

The principal contention of appellant is that the ordinance granted to the relator is invalid, because the petition · for such ordinance was not signed by owners of land representing more than one-half the frontage of the street sought by such petition to be used for railroad purposes.

The power to lay out, establish, open, alter, widen, extend, grade, pave, or otherwise improve streets, alleys, avenues, sidewalks, wharves, parks, and public grounds, and vacate the same, to regulate the use of the same, to provide for and change the location, grade and crossings of any railroad, contained in chapter 24, article 5, section 1 of the Revised Statutes of 1874, was, at the time of the passage of such ordinance, subject to the 90th clause of section 1, article 5, of said statute, which then was, and now is, as follows:

" The city council or board of trustees shall have no power to grant the use of, or the right to lay down, any railroad tracks in any street of the city, to any steam or horse railroad company, except upon a petition of the owners of the land representing more than one half of the frontage of the street, or so much thereof as is sought to be used for railroad purposes."

It will be observed that the 90th clause restricted the power of the city council to grant the use of, or the right to lay down, any railroad tracks in any street of the city, to any steam or horse railroad company, and did not restrict the right to grant the use of the streets for such purpose to individuals.

In this State, the powers of government are divided into three divisions: executive, legislative and judicial. The legislature has power to make laws. The judiciary has no power to make laws and no power to interpret where a legislative enactment is certain, harmonious, clear, and in accordance with the constitution.

Where a law is plain and unambiguous, whether expressed in general or limited terms, the statute must be intended to mean what it plainly expresses and consequently to leave no room for construction. Courts are not at liberty to search for points or even probable meanings repugnant to the one plainly declared in the legislative enactment. Cooley, Const. Lim. (6th Ed.), p. 69; 23 Am. & Eng. Ency. of Law (1st Ed.), p. 298.

When the object of the legislature is plain and the words of the act unequivocable, courts can not adopt a construction which they may suppose to have been the intention of the legislature, where such supplied intention is not supported by the words of the statute, even though the consequences should be to defeat the object of the act. Fry v. C., B. & Q. R. R. Co., 73 Ill. 399–402.

There can be no departure from the plain meaning of the statute on the grounds of its unwisdom, or of public policy. Contracts and statutes should be read, understood and enforced according to the nature and obvious import of the language used, without resorting to subtle and forced construction, for the purpose of either limiting or extending the operation. It is the duty of courts to accept a statute as they find it and enforce it as plainly written. Beardstown v. Virginia, 76 Ill. 34, 40; Ottawa Gas Light & Coke Co. v. Downey, 127 Ill. 201; City of Springfield v. Edwards, 84 Ill. 626–632; Steers v. Brownell,

124 Ill. 27–31; 2d Dwarris' Statutes (2d Ed.), 579, Smith v. State, 66 Md. 215.

In determining what courts have decided, it is to be borne in mind that it is not so much that which may happen to have been said in delivering an opinion that constitutes the law of the case, but that which was necessarily decided by the judgment given.

In determining, therefore, what rule was established by the case of Chicago Dock and Canal Company v. Garrity, 115 Ill. 155, we have to consider what was involved in such case and what was determined by the judgment of the court. It does not appear that in that case the question was raised whether the owners of land representing more than one-half the frontage of the street had joined in the petition or consented to the laying of the railroad tracks. The facts of the case as stated in the report were, that the city council had, by a majority vote of all the aldermen elected, passed an ordinance authorizing the Chicago Dock and Canal Company to lay tracks on Illinois street, east of St. Clair street, and by another ordinance, by the same vote, had authorized George Bullen & Co. to lay down tracks on Illinois street for a distance of one block. Bills having been filed to enjoin the laying of tracks in Illinois street, a permanent injunction was issued by the Circuit Court of Cook County. Upon application to the Appellate Court, the action of the Circuit Court was affirmed, and upon appeal to the Supreme Court, the decree of the Circuit Court and the judgment of the Appellate Court were reversed and the cause remanded to the Circuit Court with directions to dissolve the injunction and dismiss the bills.

Whatever is said by the Supreme Court, or any of the justices thereof, is entitled to great respect and most serious consideration.

The case of Chicago Dock & Canal Company v. Garrity, arose under ordinances passed in June, 1879, and November, 1880. Since then and before the adoption of the ordinance now under consideration, clause 90 of section 1, referred to in that case, has been rewritten, and as amended

re-enacted by the legislature, so that now by the act of 1887, it is very clear that the legislative restriction is only to steam, dummy, electric, cable, horse or other railroad companies, whether incorporated under a general or special law of the State.

The respondent, a ministerial officer, could not set up as a reason for refusing to comply with this ordinance, his opinion that the ordinance was invalid. His duty is to obey the ordinances of the city. Houston v. The People, 55 Ill. 398; The People v. Klein, 63 Ill. 394; Coffeen v. C., M. & St. P. Ry. Co., 84 Fed. Rep. 46.

Subsequent to the making of the ordinance passed upon the petition of Mr. Coffeen, an attempt was made by the city council to repeal this ordinance. We are not prepared to hold that the respondent could not, under such attempted repeal, hesitate and take counsel as to what he ought to do, but holding, as we do, the repealing ordinance to be invalid, we have no doubt that the peremptory writ of mandamus was properly issued by the Circuit Court. The ordinance granted upon the petition of Mr. Coffeen, " provided further that the privileges hereby granted shall be subject in all respects to all ordinances now in force or which may be hereafter passed concerning railroads; and said M. D. Coffeen and his assigns shall keep so much of Wayman street as shall be occupied by said switch track, in such condition and repair as may be directed by the department of public works."

It is further provided in and by section 2 of this ordinance:

"This ordinance shall be subject to amendment or repeal at any time for failure to comply with any order of the department of public works concerning proper construction and maintenance of said switch track."

The repealing ordinance was not one concerning railroads, but only concerning the particular railroad which Mr. Coffeen had been authorized to construct.

The petition of the relator showed that he was not at fault in failing to comply with the order of the department

of public works concerning the construction and mainte-
nance of said switch track, having been restrained by an
injunction issued by the United States Circuit Court.

The petition of the relator set up the issuance of said
injunction and its dissolution; also that Mr. Coffeen, to
whom the ordinance permitting the laying of tracks
was granted, had entered upon the prosecution of the work
and was diligently proceeding therewith, until restrained
by injunction. Such being the case, Mr. Coffeen had, by
virtue of the ordinance giving him permission to lay a rail-
road track, and the work done by him thereunder, acquired
a right of which he could not be and was not divested by
the subsequent action of the common council in attempting
to repeal the ordinance granted to him.

The judgment of the Circuit Court is affirmed.