## George C. Stullken, Administrator of the Estate of Herman Kernke, Deceased, Appellee, v. J. Morgan Sims, Appellant.

1. CORONERS, § 5*—*when not entitled to burial allowance.* The provision in Rev. St., ch. 53, sec. 26 (J. & A. ¶ 5627), for the payment to the coroner of the sum of $12 for "burial expenses" of a body over which an inquest has been held, is an allowance to the coroner to be expended by him in giving a body a decent burial, and, unless such expenditures are made for such purpose, he is not entitled to any part thereof.

2. STATUTES, § 198*—*how words in statute are to be interpreted.*

*See Illinois Notes Digest,. Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Words of a statute are to be interpreted according to their common and popular acceptation and import.

3. Statutes, § 205*—*how words of known legal import presumed to have been used.* Words of a known legal import in a statute are presumed to have been used by the legislature in their known sense.

Appeal from the Circuit Court of Madison county; the Hon. William E. Hadley, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

Williamson, Burroughs & Ryder, for appellant.

G. W. Crossman, for appellee.

Mr. Justice Boggs delivered the opinion of the court.

One Herman Kernke died intestate at a hotel in the city of Edwardsville, Illinois, on or about June 11, 1913, under such circumstances that a coroner's inquest was necessary. The defendant in this cause, as coroner of Madison county, Illinois, held an inquest over the body of said Kernke and took possession of the sum of $86.55 cash, found on the body.

Upon learning of the death of said Kernke, said defendant notified a firm of undertakers—Marks, Weber & Company—who took charge of the body at the place where death occurred, prepared it for burial and conducted the funeral. In doing this said undertakers performed all the services and did all the labor and supplied the casket and other things necessary to bury the body. A claim for such funeral services and expenses was allowed and has been paid by the estate of said deceased. Appellant did not perform any labor or render any service in connection with the removal and burial of said body, other than deliver the same to said undertakers, and did not lay out, expend or cause to be expended any money, labor or expense, of any kind or character, in connection with the removal and actual physical burial of the body of the decedent and did not superintend the burial.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appellee in this suit at the time was the public administrator of Madison county and was duly appointed by the Probate Court administrator of the estate of said Kernke and brought this action in assumpsit, declaring on the common counts, to recover the said sum of money in the hands of appellant as coroner.

Appellant by proper pleas made a tender of $63.55 of the amount held by him and set up his claim to retain the balance, $23, as fees of his office, payable out of said estate, viz., for holding inquest, $10; for impaneling jury, $1, and for burial expenses, $12.

A jury was waived and the cause was tried by the court upon a written stipulation of facts and propositions of law submitted. The court found in favor of appellant as to the item of $10 for holding the inquest and the item of $1 for impaneling the jury, and disallowed the item of $12 for burial expenses and rendered judgment for $74.55, from which judgment this appeal is prosecuted.

The sole question involved is whether the trial court erred in disallowing said item of $12 claimed by appellant as being due to him as coroner. The determination of this question involves the construction of section 26 of chapter 53 of Hurd's Revised Statutes (J. & A. ¶ 5627). Said section, so far as here involved, being as follows: ''For holding an inquest over a dead body, when required by law, in counties of first and second class, ten dollars; in counties of third class, five dollars. For summoning the jury, one dollar, in all counties. For burial expenses, in counties of first class, fifteen dollars; in counties of second class, twelve dollars; in counties of third class, ten dollars. All of which fees shall be certified by the court, and paid out of the treasury when the same cannot be collected out of the estate of the deceased.''

It is insisted by appellant that the provision of said section in reference to burial expenses should be construed as a fee belonging to the coroner by virtue of

his office for causing the body of a deceased person, over whom he has held an inquest, to be decently buried, where the body has not been called for and delivered to the friends of the deceased, and that this fee is owing, not for anything done or labor expended by said coroner, but simply as a fee for causing said body to be decently buried by some undertaker.

On the other hand, appellee contends that this provision of said statute with reference to burial expenses is an allowance to the coroner to be expended by him in giving the body of the deceased person a decent burial, and that unless such expenditures were made for said purpose, said coroner would not be entitled to the whole or any part thereof.

We are of the opinion that the latter construction of said statute is the proper one, for to hold otherwise would be to give to the word "expenses" a meaning entirely different from the meaning usually attached to it. Words of a statute are to be interpreted according to their common and popular acceptation and import, and words of a known legal import are to be considered as having been used by the Legislature in that known sense. *Steere v. Brownell,* 124 Ill. 27.

It is insisted by appellant that said section 26, chapter 53 (J. & A. ¶ 5627) above referred to should be construed in connection with sections 20 and 21 of chapter 31 of Hurd's Statutes (J. & A. ¶ 2411, 2412), being the chapter on coroners. We have examined the sections referred to, but find nothing in them requiring a different construction to be given to the term "burial expenses" than the one we have given.

Finding no error in the record the judgment of the Circuit Court is affirmed.

*Affirmed.*