[Filed February 11, 1890.]

GEO. B. PURVIS, Respondent, v. ERNEST KRONER, Appellant.

TAXATION OF COSTS BY CLERK—ORIGINAL JUDGMENT—NOT REVIEWABLE ON APPEAL FROM.—On an appeal from the clerk's taxation of costs, the original judgment awarding costs to the prevailing party can neither be attacked or reviewed. The only questions on such appeals are the items or amounts to be taxed.

COSTS—WHEN ALLOWED TO THE PLAINTIFF.—Costs are allowed to the plaintiff, of course, upon a judgment in his favor in an action involving an open mutual account, where it appears to the satisfaction of the court that the sum total of such accounts of both parties exceeds one hundred and fifty dollars.

OPEN ACCOUNT DEFINED.—An open account is one in which some item of the contract is not settled by the parties, whether the account consist of one item or many; or where there have been running or current dealings between the parties and the account is kept open with the expectation of further dealings.

"MUTUAL ACCOUNTS" DEFINED.—Mutual accounts are those having original charges by persons against each other.

APPEAL from the circuit court for Multnomah county.

The only question in this case is which party is entitled to costs. A brief statement of the issues is therefore necessary.

The complaint alleges, in substance, that at the defendant's request the plaintiff performed work and labor for the defendant, of the reasonable value of $325.50, and that the defendant paid no part thereof except the sum of $242.55; that the plaintiff furnished board for the defendant, which was reasonably worth $54, no part of which had been paid, and prayed judgment for $136.95. The answer denied specifically plaintiff's allegations, except as thereinafter alleged, and then admitted that plaintiff performed labor for the defendant to the value and amount of $195, and admits the item of board to the amount of $52. The answer then alleges that defendant had paid the plaintiff, in money and merchandise, for and on account of said labor and board, $248.50, and demanded judgment

for $460, amount due defendant. The reply denies pay-
ment in any greater amount than is alleged in complaint.
The cause was referred to C. H. Carey, as referee, to take
the evidence and find the facts and conclusions of law, who
found that the plaintiff was entitled to recover of the
defendant the sum of $18.90  For this amount judgment
was duly entered in favor of the plaintiff, together with
costs and disbursements of the action. This judgment
was entered June 29, 1889. On July 2, 1889, the defendant
filed with the clerk his cost bill, and on the third day of
July, 1889, the plaintiff filed with the clerk his cost bill,
and on July 12, 1889, the clerk allowed and taxed the
defendant's bill of costs and disbursements, from which
decision plaintiff appealed to the court. Upon that appeal
the court reversed the clerk's allowance and taxation,
from which the defendant has appealed to this court.
After this appeal was perfected, and pending the argu-
ment, it was discovered that by some oversight the orginal
judgment awarding costs to the plaintiff had not been
appealed from, and that the question which the appellant
was really desirous of litigating was not therefore before
this court. Accordingly an appeal was then perfected,
from the original judgment, and by stipulation between
the parties the questions in regard to costs presented
by the entire record are submitted for our determination.

*W. L. Nutting,* for Respondent.

*E. O. Doud,* for Appellant.

STRAHAN, J.—Upon an appeal from the clerk's taxation
of costs, the original judgment awarding costs and dis-
bursements can be neither attacked or reversed. The only
questions arising on such appeal are the items or amounts
to be taxed and allowed. The judgment in the case has
already concluded the question as to which party is enti-
tled to costs, by awarding the same to the party entitled,
according to the facts of the case, and the clerk, in the
taxation, or settlement of the amount, has nothing what-
ever to do with the other question. That question was for

the court, and is settled by the judgment. Such was the effect of the decision of this court in *Burt* v. *Ambrose*, 11 Or. 26. This view of the subject renders an examination of the question attempted to be raised on the appeal from the clerk's taxation entirely unnecessary, for the reason that the appellant's contention lies back of that. What he really complains of is that the judgment awarding costs to the plaintiff is erroneous, and that under the facts disclosed by this record the defendant was entitled to costs, of course, and to that question our attention will be directed. ''Costs are allowed, of course, to the plaintiff upon a judgment in his favor in the following cases: (1) ———. (2) ———. (3) In an action involving an open mutual account, where it appears to the satisfaction of the court that the sum total of such account of both parties exceeds $150.'' Hill's Code, § 549.

Under this provision of the Code and the facts disclosed by this record two questions are presented: (1) Does this action involve an open mutual account; and (2) Does the sum total of such accounts of both parties exceed $150? And first, does this action involve an open mutual account? An open account is one in which some item of the contract is not settled by the parties, whether the account consist of one item or many; or where there have been running or current dealings between the parties and the account is kept open with the expectation of further dealings. Am. & Eng. Ency. of L., vol. 1, p. 109, and cases cited, and the author, at page 108, says that an account is a list or statement of monetary transactions, such as payments, purchases, sales, debts, credits, etc., in most cases showing a balance or result of comparison between items of an opposite nature, e. g., receipts and payments. And ''mutual accounts'' are those having original charges by persons against each other, accounts kept between merchants. Anderson's Law Dictionary, Title, Account. So in *Green* v. *Disbrow*, 79 N. Y. 1, in discussing a similar question the court say: ''The evidence is that he directed his son and his wife to take the butter and eggs to the plain-

tiff and have them applied upon the account, and they took them to the plaintiff and he received them and without any particular direction or agreement with him he at once credited them on his account. No other account was kept of them, except that kept by him. That this is a mutual open current account of reciprocal demands within the meaning of the statute, I can entertain no doubt." The same statute received a like construction in *Norton* v. *Lasco,* 30 Cal. 126. It is true the language construed in both of these cases was to be found in the statute of limitations, but the substance of it is the same as our statute concerning costs.

From an inspection of the transcript I have no hesitancy in saying that the accounts between the parties in this case were open; that is, they were unsettled and unadjusted and that they were mutual. The defendant demanded an itemized statement of the plaintiff's account, which was furnished and the same accompanies the transcript. It consists of nearly five pages of closely written items of debit and credit. The debit side of the account amounts to $379.50 and the credit side to $242.55, showing a balance in favor of the plaintiff of $136.95. On the other hand, the plaintiff demanded of the defendant an itemized statement of his account set up in his answer, which also is in the transcript. It consists of three pages of items, and shows a balance in favor of the defendant of $4.60. These accounts cover nearly the same period of time and are in the fullest sense of the word mutual accounts. They show the daily transactions between the parties as they understood them, each making charges against the other and giving credits to the other according to his own view of the transaction. It was the difference which arose in regard to these transactions which caused this litigation. Second, the most casual inspection of the pleadings and the accounts on file show that the sum total of such accounts of both parties exceeds $150, clearly bringing the case within the very words of the statute above quoted. Counsel for appellant seeks to

avoid this view of the subject by treating the items of his side of the account as payment; but I do not think the parties so regarded or treated them, and they do not on their face purport to be payments. When called upon by the plaintiff to furnish an itemized statement of his account, the appellant served with said account a notice reciting that in pursuance to your demand for verified copy of the account claimed by defendant as existing between plaintiff and defendant with regard to the matter at issue in the above entitled action, defendant hereby furnishes the following as such account, to-wit: And then follows the items—more than that, the plaintiff's account opens on the twelfth day of December, 1888, the defendant's on the fifteenth day of October, 1888, and according to the defendant's account, the plaintiff was indebted to him for merchandise and cash in the sum of $36.75; that is, up to December 11, 1888, before the plaintiff had performed any labor whatever for him. I think it cannot be successfully claimed that this payment was made before there was any labor performed on the other side, or debt or liability incurred.

But it is useless to follow this question further. This case shows that it has been litigated with perhaps unnecessary tenacity, where there was only a small difference between the parties and a large amount of cost unnecessarily incurred; but this court has no power to aid the parties. The law has fixed the right to cost with just as much certainty as it has any other right which is successfully maintained in court, and when the prevailing party brings himself within the statute he is as justly entitled to recover the same.

It follows that there was no error in the judgment, and it must be affirmed.