## L. F. BROWN

### v.

### LOUISA MILLER ET AL.

*Limitations—Statute of, Sec. 17—Set-off by Plaintiff of Barred Claim against Defendant's Set-off.*

Where an action is brought upon an account, part of which is barred by the Statute of Limitations, and the defendant sets off under Sec. 17 a claim which is barred, the plaintiff may, as against such set-off of defendant, set off the barred items of his account.

[Opinion filed November 21, 1890.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. WILLIAM B. MOORE, for appellant.

Messrs. CARTER, GOVERT & PAPE, for appellees.

CONGER, P. J. Appellant brought a suit in attachment against the appellees upon an account for medical services. Plea of general issue was filed and a stipulation that either party might introduce in evidence any matters which could be shown under any proper issue in the case. Appellant's account extended over a period of more than five years prior to the beginning of the suit, and upon trial he struck out such part of his account as was barred by the statute of limitation. Appellees then introduced as a defense, a set-off, consisting of two notes, which were also barred by the statute of limitation, under the provisions of Sec. 17 of the said statute and

and in reply to this defense, appellant offered to set off the items of his account which he had stricken out because they were barred.    The Circuit Court refused to permit this to be done, and the. propriety of this holding is the only question we deem it necessary to notice.    The question being, can a plaintiff reply a set-off to the defendant's plea of set-off under said Section 17, and the provisions of the Practice Act.

This is a new question in this State, unless the case of Cox v. Jordan, 86 Ill. 565, determines it.    Counsel for appellees insist that it does not; that the general language used by the court is not conclusive, is against the weight of authority in other States, and that the only thing decided by the court in that case was that such . a replication would be good in an action by a landlord for rent by distress.    It is true, as urged by counsel for appellees, that a plea of set-off was unknown to the common law, but is purely a creature of statute.    We think there is no force in the suggestion made by counsel for appellees that in suits by attachment the rule is other or different than in ordinary actions because of the language of Sec. 30 of the Attachment Act, which reads:

" Any defendant against whom an attachment may be sued out under this act, may avail himself, in his defense, of any set-off properly pleadable by the laws of this State."

This section neither adds to nor detracts from the right to plead such a set-off as may be proper in other actions, and we should consider the question as being governed by the proper construction of Sec. 30 of the Practice Act, and Sec. 17 of the Limitat'on Act.

Sec. 30 of the Practice Act is as follows:    " The defendant in any action brought upon any contract or agreement, either expressed or implied, having claims or demands against the plaintiff in such action, may plead the same, or give notice thereof, under the general issue, or under the plea of payment; and the same, or such part thereof as the defendant shall prove on trial, shall be set off and allowed against the plaintiff's demand, and a verdict shall be given for the balance due."

Sec. 17 of the Limitation Act is as follows:    "A defend-

ant may plead a set-off or counter claim barred by the statute of limitation, while held and owned by him, to any action the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counter claim was so barred, and not otherwise  *  *  * ."

In Steere v. Brownell, 124 Ill. 27, the Supreme Court, in commenting on these two sections, say they are to be construed as part of the revision of 1872–1874, and use the following language:

"The purpose of Sec. 17 is to extend the right given by the section (30) of the practice act to a class of cases where the right could not otherwise be exercised. It is manifest that these two sections, relating to the same subject-matter, are *in pari materia*, and must therefore be taken and construed together."

Without the provisions of Sec. 17 the question we are considering could not arise; for in such case the plaintiff would be required to bring forward his whole claim upon which he relied in the first instance, and would have no necessity to reply a set-off to the defendant's plea of set-off. In the present case, however, the plaintiff was barred by law from his claim over five years old. The defendant alone could open up the investigation of the accounts of the parties cut off by the statute, and if they chose to do so under the provisions of Sec. 17 we are clearly of opinion that the plaintiff ought to be permitted to offset them with such portions of his account as would also come within the spirit and reason of the two sections. Otherwise the result would be most unjust and absurd. Appellees in the present case may have been indebted to appellant on all material claims between them not barred, and also when all barred claims on both sides were taken into consideration, and still appellant can neither rely upon his account that is barred, nor collect that portion justly due him and not cut off by the statute, if appellees' construction is to prevail. Such a construction, in our judgment, can not be sustained. We think when a defendant avails himself of Sec. 17 by pleading a set-off or counter claim that is barred, he opens up on both sides the barred claims between himself

and the plaintiff; that as to such set-off or counter claim the plaintiff is to be regarded as coming within the meaning of the word defendant, as used in the two sections, and as such has the rights of a defendant in meeting and offsetting such set-off or counter claim of the defendant. In Perry Co. v. Jefferson Co., 94 Ill. 220, it is said: "It is, unquestionably, a well settled rule of construction, * * * that when the words are not precise and clear, such construction will be adopted as shall appear most reasonable and best suited to accomplish the objects of the statute; and when any particular construction would lead to an absurd consequence, it will be presumed that some exception or qualification was intended by the Legislature to avoid such conclusion."

For the error indicated the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*