## T. J. Merrill, Appellee, v. J. B. Merrill, Appellant.

1. APPEAL AND ERROR, § 1413*—*when verdicts of successive juries conclusive.* In an action of assumpsit to recover a balance claimed to be due as wages, where the evidence is conflicting as to whether or not the amount of wages was fixed at a certain sum, there being evidence in favor of the contention of each party, and two juries have found in favor of plaintiff's contention that no sum was named, the verdict will not be disturbed on appeal on the ground that it is contrary to the manifest weight of the evidence.

2. LIMITATION OF ACTIONS, § 114*—*when defense waived.* Where defendant, in an action of assumpsit for a balance due as wages, files a plea of set-off which is not limited to the time within 5 years before the institution of the suit, but is based upon all the accounts existing between the parties, he opens up on both sides the barred claims between himself and plaintiff and cannot avail himself of the defense of the statute of limitations.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. APPEAL AND ERROR, § 1525*—*when instructions, subject to criticism, will not reverse.* Even though some of the instructions given by the court may be subject to criticism, if, as a series, they present the law fully, the judgment will not be reversed.

Appeal from the Circuit Court of Douglas county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed October 21, 1919.

P. M. MOORE and JOHN H. CHADWICK, for appellant.

HARVEY GROSS, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Appellee recovered a judgment in the sum of $800 against appellant in an action of assumpsit for a balance due him as wages earned as a clerk for appellant in the latter's store. Appellant and appellee are brothers, and appellee, prior to his last employment, had worked for appellant for a period of about 20 years, when he went into the restaurant business in which he remained until 1906, when he was again employed as clerk by appellant. Appellant owned a general merchandise store in the Village of Hinsboro wherein he sold dry goods, clothing, millinery, shoes, groceries, hardware, paints, oils, wall paper, carpets and other household goods.

According to the testimony of appellee, on August 15, 1906, after he had left the restaurant business, he met appellant in front of the latter's store and appellant asked to him to work again for him and that nothing was said at this time about what salary appellee should receive; that appellee should have the privilege of purchasing such goods as he desired at the store at the wholesale price and that he should keep his own accounts of the same; that appellee continued in this employment until May 7, 1915, when he was taken sick

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and discontinued working there; that no settlement of any account was ever made between them during that period of time and nothing was said about the amount of salary he was to receive. During this period of time, appellee took out of the store groceries, provisions, dry goods, clothing, etc., from time to time and also drew at irregular intervals different amounts of cash, concerning all of which he charged himself on the books of appellant.

Appellant testified that the conversation between him and appellee concerning the employment of the latter took place inside the store in the presence of his son and that he told appellee that he would come back and work for him at $25 per month and have what goods he wanted at wholesale price. It is conceded that no settlement was ever made between the parties, the only point disputed between them being that appellant claims he hired him at $25 per month, while appellee claims that nothing was said in regard to what wages he was to get and was therefore entitled to what they were reasonably worth. Two trials of the case have been had, each of which resulted in a verdict for appellee. Appellant's son corroborated his father in regard to the terms of the contract, and two other members of appellant's family testified that appellee, on different occasions, admitted he was getting $25 a month. There are a number of facts and circumstances appearing in evidence, however, which tend to corroborate appellee, and two juries having decided the issues in his favor, the verdict will not be disturbed on the grounds that it is contrary to the manifest weight of the evidence.

The declaration consists of the common counts for labor performed. The appellant filed a plea of the general issue, plea of the statute of limitations, of set-off, of accord and satisfaction and of satisfaction and discharge. Replications were filed to these pleas by appellee. No questions are presented in regard

to the pleas of accord and satisfaction and satisfaction and discharge. It is earnestly insisted by appellant, however, that, under his plea of the statute of limitations, appellee could not recover anything prior to 5 years before the suit was brought and that under his plea of set-off, the evidence shows that appellee is indebted to appellant under the latter's contention that the contract provided for a salary of $25 per month for the reason that the account was not a mutual account between the parties. The reason urged why the account was not a mutual one is that the books show that all the charges were made against appellee and none against appellant. Whether the account in fact was a mutual account or not is not necessary for us to decide because appellant cannot avail himself of the defense of the statute of limitations. The plea of set-off is not limited to the time within 5 years prior to the institution of the suit, but is based upon all the accounts existing between the parties. The account itself showing each particular item between August 15, 1906, and May 7, 1915, was introduced in evidence without objection and the total of the amount received by appellee in cash and in merchandise between these dates was stipulated in evidence by the parties. If it be assumed that the account was not a mutual one and that part of it was barred by the statute of limitations for that reason, yet appellant could not avail himself of this defense for the reason he attempted to set off these accounts by credits which were also barred by the statute of limitations. Section 17 of the Limitation Act (J. & A. ¶ 7212) provides that a defendant may plead a set-off or counterclaim barred by the statute of limitations, while held by him, to any action, the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counterclaim was so barred. In construing this section, this court held in

the case of *Brown v. Miller,* 38 Ill. App. 262, that when a defendant avails himself of this section by pleading a set-off that is barred, he opens up on both sides the barred claims between himself and the plaintiff. To the same effect also is *Steere v. Brownell,* 124 Ill. 27.

The court gave eight instructions for appellee and seventeen for appellant. While some of the instructions given on behalf of appellee might be subject to criticism, yet as a series they presented the law fully to the jury, and we find no error which would justify a reversal of the judgment either in the giving or the refusing of the instructions.

The judgment of the Circuit Court is affirmed.

*Affirmed.*