[Civil No. 4384.   Filed November 3, 1941.]

[118 Pac. (2d) 448.]

P. J. MORAN, Appellant, v. BABBITT BROTHERS TRADING COMPANY, a Corporation, Appellee.

Messrs. Maycook & Lester, of Los Angeles, California, and Mr. Henry C. McQuatters, of Flagstaff, Arizona, for Appellant.

Messrs. Wilson, Compton & Wilson and Mr. James E. Babbitt, for Appellee.

PER CURIAM. — The plaintiff in his second amended complaint·sues the defendant for the sum of $46,951.43, set out in three counts, as follows: (1) For money had and received for and on account of plaintiff between January 1, 1920, and July 1, 1935; (2) for deposits made with defendant between said dates by divers persons to plaintiff's credit and subject to plaintiff's order; (3) for commissions as an insurance agent insuring defendant's properties and the properties of its affiliates over the period between said dates.

In the last count plaintiff shows that during all the time from January 1, 1920, to July 1, 1935, he was an employee and officer of the defendant trading company; that during said time he acted as an insurance agent and caused many policies of insurance to be issued covering the property of the defendant and its

affiliates, and that he had never been paid any commissions, which amounted to the sum of $46,951.43.

This claimed indebtedness is met in defendant's answer by general denial. Defendant also pleads that it and plaintiff had three stated accounts during said time: One September 30, 1924, showing a balance of $14,958.27 due from plaintiff to defendant, upon which plaintiff agreed to pay $12,500, whereupon defendant charged off its books the balance of $2,458.27; one April 9, 1929, showing a balance due from plaintiff to defendant of $19,965.32, for which plaintiff deeded to defendant a house and lot in Flagstaff, which was allowed as a credit of $8,000, and he executed to defendant his note for $6,708.07 and defendant thereupon charged off its books the balance of $5,257.25; and one December 31, 1934, showing a balance of $10,279.51 due from plaintiff to defendant, for which plaintiff executed to defendant his note dated December 31, 1934, for $5,139.75, payable in one year with interest at 6% payable at maturity, and defendant thereupon charged off its books the balance of $5,139.76.

Defendant also pleads as a set-off certain items accruing more than three years before the commencement of the action by plaintiff. It also pleads the three-year statute of limitations against all items alleged in the complaint to have accrued prior to December 13, 1932, under section 2060, Revised Code of 1928, section 29–203, Arizona Code 1939.

Defendant cross-complained for the note of December 31, 1934, for $5,139.75, interest at 6% and attorney's fees of 10%.

The court found that during the time of plaintiff's employment by defendant there were various transactions between them, separate from the insurance business, by which plaintiff became indebted to defendant and various settlements were made between them, and that plaintiff made no claim for commissions on

insurance until after the termination of his employment, about May 1, 1935; that plaintiff "during the course of these transactions . . . made oral statements to sundry persons that the accruing agent's commissions belonged to the defendant"; that defendant claimed the insurance commissions as its own property and, in addition thereto, set out various counterclaims as for money loaned to plaintiff, as evidenced by his note, and for goods, wares and merchandise purchased by plaintiff from defendant during the time of his employment.

The court further found that defendant paid all premiums to insurers by check and that the agent's commissions, from year to year, were transferred to defendant's account and absorbed in its general assets; that the method of bookkeeping, by designating the account as the "P. J. Moran Agent, Fire Account" and later as "Insurance Commission Account," did not constitute the total of these separate transactions an open account between plaintiff and defendant and that "the plaintiff and defendant did not treat them as an open account."

The court found as a fact that plaintiff was entitled to the agent's commissions sued for but that the claim was barred by limitation, except that portion accruing at least three years before the filing of the complaint, on December 13, 1935, amounting to $5,922.30, with interest at 6% per annum from July 23, 1935; that the defendant holds plaintiff's note for the sum of $5,139.75, dated December 31, 1934, bearing interest at 6% per annum and providing for attorney's fees of 10%. For the difference between these sums, or $64.19, judgment was entered for plaintiff, from which he appeals.

Plaintiff claims the judgment is wrong for two reasons: One that the court's finding shows that the account between plaintiff and defendant was not affected

by the three-year limitation because items thereof were incurred within three years immediately prior to the commencement of the action; and the other that the defendant had waived the statute of limitations by pleading as a counterclaim or set-off items barred by limitation.

If the commissions as they accumulated and became a part of the assets of the defendant constituted an open account between plaintiff and defendant, as defined in subdivision 2 of section 29–203, Arizona Code 1939, then the three-year limitation had not run and the court improperly disallowed any of the $46,-951.53 sued for. But we think plaintiff's first proposition is based upon a false assumption. The court did not find that the commissions that were paid to the defendant and that became a part of the defendant's assets constituted an open account between plaintiff and defendant, but to the contrary found that such accumulation was not an open account and that plaintiff and defendant did not treat it as such. In other words, as we understand the court's finding, there was no account, as such, kept of the commissions as between plaintiff and defendant but that such commissions were paid to the defendant and absorbed by it and that plaintiff not only told ''sundry persons'' that such ''commissions belonged to defendant'' but waited until his employment was terminated, or about 15 years, before he thought it was an open account or that defendant owed him anything. It is clear to our minds that the court thought the statute could not be thus tolled.

We accept, as does the defendant, the court's finding on this point, and our interpretation of it is, and the evidence we think sustains such interpretation, that during the 15 years that the commissions were accumulating both plaintiff and defendant believed they were the property of defendant and for that rea-

son no account was kept thereof showing the relation of debtor and creditor, which, as we understand the law, must appear in order to constitute an open account. We say we accept the court's finding on this point, but if defendant had on this appeal specified the finding as contrary to the law and the facts, we feel such specification would have been well taken. It is most difficult for us to follow the finding that anything whatsoever is due plaintiff on account of the commissions. We feel that if plaintiff were entitled to such commissions he would not have made three separate stated accounts with defendant, one in 1924, one in 1929 and one in 1934, acknowledging each time that he was indebted to defendant in large sums, without insisting that he be credited with the commissions, and that he would not have delayed asking for such commissions until after he was separated from defendant's service.

On the question of waiving the statute of limitations by pleading as a counterclaim or set-off against plaintiff's claim items that are barred, we have this situation: Defendant did set out in its answer items that arose more than three years before the action by plaintiff was commenced and prayed that "in the event the court shall find that the plaintiff is entitled to recover from the defendant, and that said recovery is not barred by the provisions of Section 2060 of the Revised Code of Arizona, 1928, that the defendant may be allowed the following credits (enumerating them) so far as may be necessary to satisfy any balance of plaintiff's claim found to be due. . . . "

Defendant introduced no evidence in support of such set-off or counterclaim. By stipulation plaintiff agreed that he owed defendant the note of December 31, 1934, and that judgment on the cross-complaint for that amount, interest and attorney's fees might

be entered against him. Thus it appears that, while defendant pleaded as a set-off or counterclaim certain items that were barred, on the trial it abandoned such pleas and the question is, did it by such action waive the statute of limitations as to plaintiff's claim. The trial court evidently thought not or it would have given judgment for a much larger sum.

In *Connor Livestock Company* v. *Fisher*, 32 Ariz. 80, 255 Pac. 996, 998, 57 A. L. R. 196, we held that where allegations and proof of items barred by the statute were made by defendant as against the claim of plaintiff, it was a waiver of the statute by defendant in favor of plaintiff. We said:

" . . . It would be unjust indeed to permit defendant to claim the benefit of the statute of limitations against plaintiff's suit, while presenting items arising out of the same transactions and barred by the same statute as a matter of set-off. It cannot blow both hot and cold with the same breath. It appears that defendant both alleged and proved as a matter of set-off items of alleged indebtedness by plaintiff to it accruing before January 15, 1922. We are of the opinion that such pleading and proof was, as a matter of law, a waiver of the bar of the statute of limitations, notwithstanding the fact that it had been set up in the answer."

It is evident from the language we used that a mere pleading of items barred as a defense is not a waiver of the statute. In addition, the party claiming a set-off by outlawed items must prove the allegation. The contention of the plaintiff that the mere pleading of items barred is sufficient is not supported by this case, which he cites to sustain his contention.

The judgment of the trial court is affirmed.