MIKE GOICOVIC AND VERA GOICOVIC, APPELLANTS,
v. BOB KNEZEVICH, RESPONDENT.

No. 4402

November 17, 1961                           366 P.2d 97

*Stewart, Horton & McCune,* of Reno, for Appellants.

*James A. Callahan,* of Winnemucca, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Appellants Mike and Vera Goicovic, plaintiffs below, will be referred to collectively as Goicovic, and respondent Bob Knezevich, defendant below, will be referred to as Knezevich.

Goicovic, who leased a cafe from Knezevich, commenced suit against him, alleging that within four years last past Knezevich became indebted to him in the sum of $7,505 for food, goods, wares, services and utilities furnished by Goicovic to Knezevich at the latter's request. Goicovic also alleged that Knezevich was entitled to a credit for rent due in the sum of $2,800. Judgment was sought for the sum of $4,715, representing the difference between the debt alleged and the credit against it. By answer, Knezevich denied indebtedness to Goicovic, pleaded the four-year statute of limitations as an affirmative defense, and counterclaimed for $2,800 rent due. By reply to the counterclaim, Goicovic denied any indebtedness for rent, pleaded the four-year statute of limitations as an affirmative defense thereto, and averred that Knezevich was entitled to *an offset* of *$2,880* for rent against his indebtedness to Goicovic.

During trial the parties entered into the following stipulation:

"Mr. Horton: Thank you, Your Honor. Preliminarily I would like to propose a stipulation, in accordance with a discussion we had in chambers before coming into

court, and that is that I would request counsel for the Defendant to stipulate that the Plaintiffs are entitled to a credit in whatever accounting we may eventually end up with here, the Plaintiffs being entitled to a credit for the following items, and in the following amounts:

"For utilities furnished by Plaintiffs to Defendant, $20.00 a month for 8 months of the year, $25.00 a month for 4 months of the year, over a four year period for a total of_____ $1,040.00

"A credit of painting of_____ 40.00

"A credit in relation to cash transactions of_____ 300.00

"A credit for a gas heater of_____ 165.00

"And a credit for propane gas furnished by Plaintiffs to Defendant_____ 210.14

"For a total of_____ $1,755.14[1]

"With the further understanding that the Defendant does not now admit being indebted to Plaintiffs in this amount by reason of claims that the Defendant asserts, but that these are credits from the bookkeeping sense only.

"Mr. Callahan: That is the understanding.

"The Court: You so stipulate?

"Mr. Callahan: So stipulated.

"The Court: The record will so show."

The trial court denied Goicovic relief upon his complaint. Of this he does not complain. However, that court gave Knezevich judgment upon his counterclaim in the sum of $1,124.86. That amount represents $2,880 rent found to be due, less the $1,755.14 stipulated credit. This appeal is from the judgment for Knezevich.

The lower court believed that Goicovic had waived the defense of the statute of limitations to the counterclaim for rent. It is admitted that such defense is valid unless a waiver thereof occurred. This is the main issue to be determined.

---

[1]It is conceded that said claims would be barred by the four-year statute of limitations.

Appellant Goicovic contends that the statute of limitations was, and is, a complete defense to the counterclaim for rent and that such defense was not waived by either the pleadings filed or the proof offered. We agree.

1. *The pleadings.* It is argued that Goicovic, by acknowledging in his complaint that Knezevich was entitled to a credit for rent, may not thereafter by reply assert the defense of the statute of limitations to the counterclaim for rent. It is urged that, by pleading in such manner, an irreconcilable inconsistency is apparent, resulting in a waiver of such defense. We do not find the complaint of Goicovic and his reply to the counterclaim inconsistent. By such pleadings he stated, in effect, that should that court find in his favor upon the complaint, he would be willing to reduce his recovery by the rent which was due but outlawed; however, should the court deny him relief upon his complaint, he would rely upon the statute of limitations as a defense to the counterclaim for rent. It is apparent that Goicovic did not, by such pleadings, waive a *defense;* he only waived his right, if any, to *recover* an amount equal to the credit for rent. We see, therefore, that the pleadings of Goicovic are not inconsistent. However, we do not intend to intimate that, if they were inconsistent, a waiver of the defense of the statute of limitations would thereby result. That question is not presented for determination.

2. *The proof.* Knezevich next contends that by offering to *prove* claims which were found to be barred by the statute of limitations, Goicovic thereby waived his defense of such a statute to Knezevich's counterclaim for rent. The proof alluded to is the stipulation hereinbefore quoted. The stipulation is reasonably clear as to its meaning. The amount therein referred to *was not offered nor accepted as proof of Goicovic's claim for affirmative relief.* To the contrary, it was obviously intended to be a credit against the counterclaim of Knezevich should he be successful in recovering thereon. It is evident that the stipulation may not be construed

as a waiver of the defense of the statute of limitations to the asserted counterclaim. Rather, its only effect was to reduce the recovery upon such counterclaim, if a recovery thereon were otherwise lawfully permitted. As above indicated, the parties have agreed that the statute of limitations was a complete defense, unless a waiver of such defense is found to exist. We find none. We do not decide whether a waiver of such defense would result if the party asserting it offered proof of outlawed claims arising out of the same transaction *in support of his claim for affirmative relief*. That was the issue confronting the Arizona court in Connor Livestock Co. v. Fisher, 32 Ariz. 80, 255 P. 996, 57 A.L.R. 196, upon which the court below and respondent Knezevich each rely. As we view the case at bar, that issue is not here involved.

It is evident from the pleadings and the stipulation that either party, if successful in proving his claim for affirmative relief, was willing that the other receive the credits mentioned to reduce the amount to be paid in satisfaction. It is equally clear that neither intended to waive any defense to the other's claim for affirmative relief.

3. It is suggested that the judgment below may be supported on a different basis, that of a mutual open account. NRS 11.210 reads: *"Mutual open accounts; accrual of cause of action. In an* action brought to recover a balance due upon a mutual, open and current account, where there have been reciprocal demands between the parties, the cause of action shall be deemed to have accrued from the time of the last item proved in the account on either side." Knezevich asserts that, though his counterclaim for rent did not accrue within four years from the commencement of suit, nevertheless Goicovic paid a utility bill for Knezevich within the four-year period and same was credited against the rent due; that such payment was the "last item proved in the account on either side", with the result that the statute of limitations is not a bar to his counterclaim for rent.

The utility bill was paid on February 29, 1956. Whether such payment was made within the four-year limitation period is disputed, for though Goicovic filed suit February 29, 1960, the counterclaim for rent by Knezevich was not filed until sometime later. However, we do not decide this dispute. In our view, NRS 11.210 does not apply to this case. The meaning of the quoted statute was determined by this court in Warren v. Sweeney, 4 Nev. 101, 102, where it was said: "To bring an account within this section of the statute, there must be mutual demands between the parties—demands upon which each might maintain an action. Where payments on account are made by one party, for which credit is given by the other, it is an account without reciprocity, and only upon one side; at least, it cannot be said to be a mutual account *consisting of reciprocal demands*. The items on either side must be such as to authorize the bringing of an action upon them. If all items on one side were intended by the parties as a payment or credit upon an existing account, there would be no such demand in favor of the person making the payments as to entitle him to maintain an action, because the simple showing of the fact that the items upon which he brings his action were intended as payment of a claim against himself, would defeat his action." In Warren v. Sweeney, supra, plaintiff sought to recover $2,309 for work done by him at defendant's request. The work was not performed within the limitation period. Plaintiff sought to avoid the defense of the statute of limitations by proof of the delivery by defendant to plaintiff of a wagon *within* the limitation period, for which defendant was given a credit of $100. The court held that such transaction was not within the mutual open account statute. We believe the same reasoning applicable to the instant case.

That part of the judgment entered below in favor of Knezevich and against Goicovic for $1,124.86 and costs of suit, is reversed.

BADT, C. J., and MCNAMEE, J., concur.