## CHECOTAH HARDWARE CO. v. HOUSEL.

No. 23556. Sept. 18, 1934.

Withdrawn, Corrected and Refiled Oct. 1, 1934.

E. J. Van Court and J. W. Primrose, for plaintiff in error.

Pierce, McClelland, Kneeland & Bailey, for defendant in error.

WELCH, J. This is an appeal from the district court of McIntosh county. Plaintiff in error, Checotah Hardware Company, a corporation, was defendant below, and de-

fendant in error, Barron C. Housel, receiver for Sigmon Furniture Manufacturing Company, a corporation, was plaintiff in the trial court. The parties will be herein referred to as plaintiff and defendant, as they appeared in the district court.

The suit is one on open account for goods and merchandise alleged to have been sold to defendant. Plaintiff attached to its petition an itemized verified account, and alleged the correctness thereof in its petition. The defendant filed its answer, which is unverified. The only denial, or attempted denial, to be found therein is contained in the following paragraph of the answer:

"It denies that it purchased from plaintiff the goods, wares and merchandise mentioned in plaintiff's petition, and denies that the same were delivered to it."

The trial court sustained plaintiff's motion for judgment on the pleadings, and rendered judgment in favor of plaintiff, and it is from this action of the court that this appeal is taken.

The sole question presented for determination here is whether or not this allegation in the defendant's unverified answer states a defense to plaintiff's petition, in view of the provisions of section 220, O. S. 1931, which provides as follows:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

It is the plaintiff's contention that this unverified answer admits the correctness of the verified account, and that such admitted answer includes an admission that the goods were sold to defendant. It is defendant's view that it is not concerned with the correctness of the items of the account, and therefore it is not material whether the items thereof are admitted or denied. It makes the point that although it admits the correctness of the contents and the items contained in the account, it has by its answer put in issue the question of the transaction of the sale and delivery of such items.

An account such as is contemplated by section 220, supra, and such as we have here, is aptly defined in 1 R. C. L. page 207, as follows:

"The expression 'outstanding and open account' has a well-defined and well-understood meaning. In legal and commercial transactions it is an unsettled debt arising from items of work and labor, goods sold and delivered, and other open transactions, not reduced to writing, and subject to future settlement and adjustment."

And although this definition extends further than the words of our statute in that it includes the word "outstanding," which probably accounts for the words "unsettled debt," as contained in the definition, it is still sufficient to convey the meaning of the word "account" as used in our statute. Thus the word "account" means items of work and labor, goods sold and delivered, and other open transactions, not reduced to writing, and subject to future settlement and adjustment. An account is more than a list of articles, and the word as used in our statute here under consideration must be construed in accordance with the common and general meaning given it in commercial transactions. To admit the correctness thereof is an admission not only of the items, but is in addition thereto an admission that the work and labor represented thereby was done and performed, or that goods represented by the items thereof were sold and delivered in accordance with the statements contained in such account. The statement of account here considered appeared to be in general form, and contains the words "sold to," and these words are followed with a list of the items and the price thereof.

This court, in Upham Shoe Co. v. Pollard, 111 Okla. 228, 239 P. 244, in considering the legal effect of an admission of the correctness of an account duly verified, and in dealing with this same provision of our law, has said:

"Section 287, O. O. S. 1921, requires a denial of the 'correctness of an account' under oath.

"The defendant's unverified general denial admitted the correctness of the account. The defense pleaded is that while the account is correct; that is, that the items shown in the account were furnished and the prices charged therefor were reasonable, that the account has been paid by the defendant."

And again in the same case the court uses the following language:

"Tested by the authorities referred to, a failure to deny under oath in a case such as that presented by this record does not admit that the account has not been paid. It is the antecedent existence of the indebtedness

and correctness thereof which is admitted by a failure to deny under oath."

It is admitted by defendant that by its failure to verify its answer it admitted the correctness of the account in the instant case. We conclude that this admission includes the admission that the goods were sold to defendant, and that thereby a debt was created. The account clearly imports a complete transaction of sale and delivery, otherwise it would not be an account, but might be merely a list of articles or something else of a nature foreign to an account. These accounts purport to and do convey record notice that the goods therein enumerated were furnished to defendant, and to deny that the goods were sold or furnished is a denial of an integral part of the account. Without this part it would not be an account, but merely a list of goods.

Finding no error in this action of the trial court, the cause is affirmed.

RILEY, C. J., and OSBORN, BAYLESS, and BUSBY, JJ., concur. CULLISON, V. C. J., and SWINDALL, ANDREWS, and McNEILL, JJ., absent.