## WOOD & CO. et al. v. WOOD, Ex'r.

No. 23224.   Oct. 16, 1934.

Lydick & Brett and Arrington & Evans, for plaintiffs in error.

Goode, Dierker & Goode, for defendant in error.

PER CURIAM. The note sued on in this case is made payable to the order of C. Wood and is for the principal sum of $16,-000, and is signed by Wood & Company, by its president and vice president, and indorsed by W. P. Wood, Jr., Roy Wood, and W. P. Wood, the action being brought by A. Wayne Wood, as executor of the estate of C. Wood, deceased.

The amended answer of defendants admits the execution of the note; admits that C. Wood is deceased and that A. Wayne Wood is the duly appointed executor of his estate; admits the corporate capacity of Wood & Company; admits that they are indebted upon said note in the sum of $11,-000, with interest thereon at eight per cent. per annum from July 1, 1929.

For their defense defendants say that said payee, C. Wood, was, in fact, a trustee; that Ada Wood and Eliza Wood, both now deceased, in fact each furnished one-third of the moneys for the loan; that said C. Wood has received from or through defendants an amount practically sufficient to reimburse him for his part of the money advanced, and that W. P. Wood, Jr., as the personal representative of the estates of Ada Wood and Eliza Wood, deceased, has, as such, an adverse interest in same, is entitled to practically all of the balance owing upon

said note, and that the said defendants cannot safely proceed to trial, and they ask that the court order said W. P. Wood, Jr., as such representative, to be made a party, and that they be permitted to pay same to said representative.

On the same day that defendants filed their amended answer, the said W. P. Wood, Jr., as such representative, asked permission to intervene, setting out substantially the same facts.

On motion of plaintiff for judgment upon the pleadings, the court sustained the motion, rendered judgment for plaintiff below, and passed the petition for leave to intervene, to all of which exceptions were reserved and appeal had.

The assignments of error rest upon two propositions: The sustaining of the motion for judgment on the pleadings and rendition of judgment, and the failure and refusal of the court to rule upon the petition for leave to intervene.

Plaintiffs in error rest the first proposition upon the ground that upon the death of C. Wood, as payee of the note, his trusteeship terminated and his personal representative did not succeed thereto, citing: Russell v. Hartley (Conn.) 78 Atl. 320; Fidelity Trust Company v. Alexander, 243 Fed. 162; Snodgrass v. Snodgrass (Ala.) 64 So. 594; State v. Miss. Vall. Trust Co., 209 Mo. 472; In re Scott's Estate, 202 Pa. St. 389; Burke v. Maguire, 154 Cal. 456; Reichert v. Mo. & Ill. Coal Co., 231 Ill. 238.

Upon the proposition that persons claiming right to the subject-matter of the action had a right to intervene, plaintiffs in error cite; Doyle v. Burns (Iowa) 99 N. W. 195; Davis v. Coburn, 128 Mass. 377; Birks v. McNeill (Iowa) 159 N. W. 210.

Plaintiffs in error do not claim that the payee of the note could not have maintained an action upon the note had he lived.

Section 1198, C. O. S. 1921 (1093, O. S. 1931) provides:

"Actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases and in the same courts in which the same might have been maintained by or against their respective testators and intestates."

We come to the question, then, as to whether the payee and holder of a note may maintain an action thereon though in truth and in fact he may be required to account for the proceeds thereof to third persons. This must be answered in the affirmative upon the authority of section 7721, C. O. S. 1921 (11350, O. S. 1931), and the following cases: Berry et al. v. Barton, 12 Okla. 221, 71 P. 1074, also reported in 66 L. R. A. 513 (see copious note therein): Chaffee v. Shartel, 46 Okla. 199, 148 P. 686; Stocker v. Dobyns-Lantz Hardware Co., 101 Okla. 133, 224 P. 302; Turner v. Crowder, 134 Okla. 215, 273 P. 349.

Bearing in mind that the defendants below claimed no defense to the note either as against the plaintiff or those who he asserts had a beneficial interest therein, and that they made no claim of set-off or counterclaim which would require others to be made parties in order to properly assert and determine, and that the plaintiff as executor was entitled to bring and maintain the action, it follows that the defendants were not entitled as a matter of right to have other parties brought into the action and require the plaintiff to litigate another and entirely different matter in such action.

The plaintiff in an action at law wherein nothing but a money judgment is asked may not be compelled to admit other parties to the action than those he has chosen. Goodrich v. Williamson et al., 10 Okla. 588, 63 P. 974.

It follows that the lower court committed no error in sustaining the motion for judgment upon the pleadings in the rendition of the judgment in favor of plaintiff, and the judgment is accordingly affirmed.

The Supreme Court acknowledges the aid of Attorneys J. G. Austin, L. A. Wetzel, and A. C. Wallace in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Austin and approved by Mr. Wetzel and Mr. Wallace, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.