**BARLOW, Adm'x, et al. v. PRUDENTIAL INS. CO. of AMERICA.**

No. 26853.    Dec. 1, 1936.

Carter Smith, for plaintiff in error.

Kleinschmidt & Johnson, for defendant in error.

PER CURIAM. The sole question presented in this appeal is the overruling of the plaintiff in error's motion for continuance. The granting of a continuance is largely a matter within the discretion of the trial court and the action of the trial court in refusing a continuance will not be reversed on appeal, unless there was a clear abuse of discretion. Johnston v. Shaffer, 96 Okla. 236, 221 P. 748.

Neither the plaintiff in error's answer nor her affidavit for continuance pleaded or set forth any facts as to payment. The answer was unverified and simply alleged "payments for which no credit given" without setting forth the time, place, or amount of any payment. Such an answer raises no issue as to the indebtedness due. Sullins v. Domer, 176 Okla. 45, 54 P. (2d) 391.

Payment is an affirmative defense in an action for recovery of money and must be expressly pleaded. An allegation of payment, without setting forth the time, place, or amount thereof, is a mere conclusion and raises no issue requiring a jury trial.

Section 397, O. S. 1931, provides in part that an affidavit for continuance must set forth "what facts he believes the (absent) witness will prove, and that he believes them to be true." Allegations which are merely conclusions, without giving the facts supporting such conclusions, present nothing; they give the adverse party no chance, either to admit or deny the truth of anything.

The record does not show that any specific payments are properly pleaded and none are set forth in the affidavit for continuance with the definiteness and certainty contemplated by the statute, and there was no abuse of discretion for the trial court to refuse a continuance in this case. The judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Ted Morgan, Tom L. Wilhite, and Wm. McFadyen in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Morgan, and approved by Mr. Wilhite and Mr. McFayden, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

McNEILL, C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.