Stanley L. SANDITEN, d/b/a Sandi Manu-
facturing Co., Plaintiff in Error,

v.

BROOKS FLAME–SPRAY, INC., a Corpo-
ration, Defendant in Error.

No. 40776.

Supreme Court of Oklahoma.

June 8, 1965.

Dickey, Richard, Works & Stephens, by Edward E. Stephens, Tulsa, for plaintiff in error.

Robert W. Raynolds, Ronald G. Raynolds, Tulsa, for defendant in error.

DAVISON, Justice.

Stanley L. Sanditen, d/b/a Sandi Manufacturing Co. (defendant below) appeals from a judgment rendered against him in the sum of $2814.57, and $850 attorney's fees in favor of Brooks Flame-Spray, Inc. (plaintiff below). The parties will be referred to by their trial court designation.

Plaintiff's action was to recover an alleged balance of indebtedness owing by defendant for services and materials furnished by plaintiff in connection with painting and preparing metal containers used by defendant in the manufacture of industrial vacuum cleaners.

Defendant contends the trial court committed error and was guilty of an abuse of discretion when it refused defendant's application for a continuance of the trial of the cause.

The facts are that at the pretrial hearing on June 4, 1963, the cause was set for trial June 25, 1963, but the matter was not called for trial until June 28, 1963. When the case was called for trial the defendant filed an affidavit for a continuance, executed by its attorney, reciting that defendant's principal witness (Sam Krashine), whose testimony was vital to the defendant, was called out of town for personal reasons and would not be available for trial for approximately ten or fifteen days, and if the witness were present, he would testify that the contracts sued upon were later altered by the parties thereto. Defendant's attorney stated in open court that the witness would testify that the parties entered into a new contract under which the plaintiff was to be paid as the units were sold and that plaintiff had been paid to date for all units sold. The trial court denied the application for continuance.

Our statute, 12 O.S. 1961, Sec. 667, provides in part that "The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just; * * *"

Title 12 O.S. 1961, Sec. 668, states in part:

"A motion for a continuance, on account of the absence of evidence, can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if it is for an absent witness, the affidavit must show where the witness resides, if his residence is known to the party, and the probability of procuring his testimony within a reasonable time, and what facts he believes the witness will

prove, and that he believes them to be true. * * *"

■ In Morgan v. Duncan, Okl., 287 P.2d 694, we stated that the ruling of the trial court on a motion for a continuance will not be disturbed on appeal unless there has been a clear abuse of discretion. See too Jones v. Novotny, Okl., 352 P.2d 905.

The affidavit does not contain a showing of diligence to procure the attendance of the witness by subpoena, nor a factual statement of the testimony of the absent witness (as distinguished from conclusions), and does not state affiant believes them to be true. The record shows the witness had not been served with subpoena and that no effort had been made to make such service.

■ In Barlow v. Prudential Ins. Co. of America, 178 Okl. 265, 62 P.2d 969, we said:

"Affidavit for continuance must conform to requirements of statute and set forth facts expected to be proven by absent witness with definiteness and certainty in order that adverse party may admit or deny the truth thereof."

■ In Schuman's, Inc. v. Missy Dress Co., 172 Okl. 211, 44 P.2d 862, the court stated the affidavit was defective when it failed to show due diligence in attempting to have the witness and evidence available and did not state the applicant believed to be true the facts which he asserts the witness will prove. The court further stated:

"It is not error for the trial court to overrule and deny a motion for a continuance when such motion does not substantially comply with the applicable statute."

■ Under the circumstances we conclude that there was not a clear abuse of discretion on the part of the trial court in denying the continuance, and on this phase of the case the trial court is affirmed.

Defendant further contends that the lower court erred in granting an attorney's fee to plaintiff for the benefit of his attorney.

The trial court granted the $850 attorney fee on authority of 12 O.S. 1961, Sec. 936, which provides as follows:

"In any civil action to recover on an open account the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

The question is whether the transaction, out of which defendant's indebtedness arose, resulted in an "open account" within the meaning of the statute.

Plaintiff's petition alleged a balance of $2914.57 due by defendant for "merchandise sold and delivered" to defendant on October 24, 1962, of the value of $4968.10. Plaintiff used a single witness who was an officer of plaintiff corporation. From this testimony and an itemized statement attached to the petition it appears that on some undisclosed date the plaintiff quoted defendant certain unit prices or charges for painting various sized containers for the defendant. These containers were owned by defendant and were used by him in manufacturing vacuum cleaners. Plaintiff's witness testified as to painting a large number of the containers and the agreed unit charges made therefor, and also as to furnishing some aluminum brackets ($37.80) not included in the quotation; that the terms of payment were equal one-third installments payable at 30 day intervals beginning November 10, 1962; that after allowing a discount for using a paint different from that originally quoted, and giving credit for all payments and $100 for a vacuum cleaner accepted by plaintiff, and charging interest on overdue payments as of January 10, 1963, there was a balance of $2814.57 with interest at 6% from January 10, 1963. The "Statement of Account" attached to the petition recites "Merchandise delivered 10/24/62" and accords with the testimony except that it does not reflect the $100 credit for the vacuum machine. The transaction was oral, with the exception of plaintiff's letter of quotation which was not introduced in evidence.

Defendant made no cross-examination and introduced no testimony or evidence. The court directed a verdict for plaintiff for $2814.57 plus interest and rendered judgment thereon.

■ It is our opinion that the record reflects an independent and complete oral contract transaction with all the terms agreed upon, including payment of the debt incurred by defendant, with nothing left open for additional connected services or sale of goods. It was not an open account as required by the cited statute.

██ In Globe & Republic Ins. Co. v. Independent Trucking Co., Okl., 387 P.2d 644, 647, we quoted with approval from Connor Live Stock Co. v. Fisher, 32 Ariz. 80, 255 P. 996, 57 A.L.R. 196, as follows:

"'Generally speaking, an open account is one where there are running or concurrent dealings between the parties, which are kept unclosed with the expectation of further transactions. * * * An express contract, which defines the duties and liabilities of the parties, whether it be oral or written, is not, as a rule, an open account.'"

And in Heron v. Gaylor, 46 N.M. 230, 126 P.2d 295, 297, it is stated:

"'The term "open account" means, ordinarily, an account based upon running or concurrent dealings between the parties which has not been closed, settled, or stated, and in which the inclusion of further dealings between the parties is contemplated.'"

See also 1 Am.Jur.2d Accounts and Accounting, Sec. 4, p. 373; Durkin v. Durkin, 133 Cal.App.2d 283, 284 P.2d 185, 190; and Quapaw Pumping & Royalty Co. v. Camblin, 106 Okl. 112, 232 P. 84, 88, 89.

There was no legal basis for granting an attorney fee to plaintiff and the trial court erred in this respect. That portion of the judgment for $850 attorney fee is reversed.

The judgment of the lower court is affirmed except as to the allowance of the attorney fee.

Judgment is rendered against Stanley L. Sanditen, Principal, and Mid-Continent Casualty Co., a corporation, on their supersedeas bond filed herein, for $2814.57, with interest at 6% from January 10, 1963, and for all costs, such judgment to be enforced by the trial court as if therein rendered.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, IRWIN, BERRY and HODGES, JJ., concur.