Carl WHITSON, formerly doing business as Allen Manufacturing Company, Plaintiff in Error,

v.

WETHERBEE ELECTRIC COMPANY, a Delaware Corporation, Defendant in Error.

No. 40708.

Supreme Court of Oklahoma.

May 31, 1966.

· Carl Whitson, Long Beach, Cal., for plaintiff in error.

Byrne A. Bowman, Felix, Bowman, McIntyre & Hines, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

Wetherbee Electric Co., plaintiff below, alleged that on order of defendant it had performed electrician's services and furnished electrical materials to make operable a mechanical cutter, or shear, leased by defendant below to Oklahoma Iron & Metal Co., Oklahoma City, Oklahoma, said to be a division of the Purdy Company of Illinois, to be used at the place of business of the lessee. Answer of defendant denied any connection with materials or labor furnished, for which suit was brought, the reasonableness of the charge therefor, etc. while performing certain conduit and wiring work for Oklahoma Iron & Medal Co. in preparing to get electric current to a control point to which the shear could be plugged in; that plaintiff was engaged by defendant to do electrical work from the aforesaid control point to, and in, the shear's control room; that it did such work and furnished material pursuant to his order, after advising him it would charge on a basis of time expended and material used. Defendant contended that he did not contract with plaintiff, nor place an order with plaintiff, for services or material, in excess of an amount which he had paid plaintiff, and that the sum claimed by plaintiff to be unpaid resulted from work plaintiff had performed for the lessee of the shear, Oklahoma Iron & Metal Co., because of which the Purdy Company of Illinois should also be made a defendant.

As to the last mentioned matter, the trial court denied the motion of defendant to make such company a party defendant. Defendant contends the denial of his motion to make it a party defendant constituted error. We do not agree.

■ This action is one of legal cognizance in which the plaintiff seeks only a money judgment. Under the circumstances here involved, plaintiff could not be compelled to bring in other parties than those

whom it had chosen as defendants. Modern Woodmen of America v. Terry, 69 Okl. 191, 171 P. 720; Wood & Co. v. Wood, 169 Okl. 217, 37 P.2d 256. Suggestion could be made that 12 O.S.1963 Supp. § 243 might be applicable. However, we are not in this opinion called upon to decide whether the nature of defendant Whitson's contention that Purdy Co. of Illinois was the party whom plaintiff should have sued and whom the court should have ordered joined as an additional defendant for the reason that the aforesaid legislative enactment was not approved until June 3, 1963 and did not become effective until after 90 days following the adjournment of the 1963 session, whereas this case had already been tried and judgment rendered therein on April 1, 1963.

Defendant contends, principally, that there was error of the trial court in determining that an oral contract was created between plaintiff and defendant and in granting judgment against defendant.

▇▇▇ Such contention places a duty on an appellate court of examining the record, not for the purpose of determining whether the findings and judgment of the lower court are supported by the weight of the evidence, but rather of determining whether, as a matter of law, there is any competent evidence in the record which reasonably supports them. First State Bank of Noble v. McKiddy, 206 Okl. 57, 240 P.2d 1103. We have examined the record and find that there is evidence which reasonably supports such finding and judgment of the district court.

▇▇▇ A Mr. Pope testified that he represented the plaintiff in its dealings with Oklahoma Iron & Metal Co., and with defendant; that in response to defendant's question as to charges plaintiff would assess defendant for service and materials he told defendant that the "hooking up" of the equipment was too involved and that it would be best to proceed on a "time material basis" which would eliminate guesswork and that whatever plaintiff's cost would be, plaintiff would bill defendant and add a percentage of profit; that defendant said he could understand that and to go ahead with the work; and that thereafter, during the progress of the work, the defendant supervised it. Although controverted by defendant, there is competent evidence in the record to support the findings and judgment.

The witnesses were before the court sitting as the trier of the facts. The trial judge had an opportunity to determine the credibility of witnesses and arrive at the truth of a controverted question of fact. The court resolved the matter in favor of the plaintiff, and its findings on a disputed question of fact under these circumstances will not be disturbed here.

Finally, defendant contends that the court erred in allowing an attorney's fee to plaintiff. He takes the position that plaintiff's suit is not on an open account such as is covered by 12 O.S.1961, § 936 which authorizes the allowance of a reasonable attorney fee to be set by the court in civil action wherein recovery is made on an open account. In Globe & Republic, Ins. Co. of America v. Independent Trucking Co., Okl., 387 P.2d 644, we held that the right to recover attorney's fees from one's opponent in litigation as a part of the costs does not exist at common law and cannot be sustained in the absence of statute or some agreement by which such an allowance is authorized. The action there was determined to have been brought upon an insurance policy provision and not on open account and 12 O.S.1961 § 936 was not deemed applicable.

The import of the term "open account" was before this Court in Sanditen v. Brooks Flame-Spray, Inc., Okl., 403 P.2d 471. The record there submitted to us was seen to reflect a complete oral contract with all the terms agreed upon, and with nothing left open or not agreed upon by the parties. A similar case arose in Texas wherein the court there treated the matter herein involved at greater length than did we in Sanditen. In that case, Detroit Fidelity & Surety Co. v. State, 124 Tex. 145, 76 S.W.

2d 492, 495, it was pointed out that where the price and times of payment were fully understood by the parties to a contract, to supply sand and gravel, there remained no term of the contract to be settled by agreement and the claim of the furnisher of such material was determined to be not an open account.

In 1 Am.Jur., Accounts and Accounting, § 3, p. 265, it is stated:

"The term 'open account' means, ordinarily, an account based upon running or concurrent dealings between the parties which has not been closed, settled, or stated, and in which the inclusion of further dealings between the parties is contemplated."

But the same section of the text defines an open account as an account "where the parties intend that the individual items of the account shall not be considered independently, but as a continuation of a related series, and that the account shall be kept open and subject to a shifting balance as additional related entries of debits or credits are made thereto, until it shall suit the convenience of either party to settle and close the account, and where, pursuant to the original, express, or implied intention, there is but one single and indivisible liability arising from such series of related and reciprocal debits and credits, which liability is to be fixed on the one part or the other, as the balance shall indicate at the time of settlement, or following the last pertinent entry of the account."

In 1 C.J.S. Account p. 574 an open account is defined as "one in which some item of contract is not settled by the parties, or where there have been running or current dealings between the parties and the account is kept open with the expectation of further dealings. In other words, it is an unsettled debt arising from items of work and labor, goods sold and delivered, and other open transactions not reduced to writing, and subject to future settlement and adjustment.

"The most usual species of open account is where there are running or concurrent dealings between the parties which are kept unclosed with the expectation of further transactions, * * *."

In Scofield v. Lilienthal (Tex.Civ.App.) 268 S.W. 1047, the Texas Court, referring to the term "open account" as used in a particular statute, said it should be read as used in a popular sense, rather than a technical one, relating to transactions which by sale on one side, and purchase on the other, the title to personal property passes and the relation of debtor and creditor is thereby created by general course of dealing; that an account is an open one where there have been running or current dealings between the parties, and the account is kept open with the expectation of further dealings.

In Quapaw Pumping & Royalty Co. v. Camblin, 106 Okl. 112, 232 P. 84, this Court said: "Open account is defined in volume 6, page 4985, of Words and Phrases, as follows: 'An open account is one in respect to which nothing has occurred to bind either party by its statements, or an account which is yet fully open to be disputed. Abb.Law Dic. The word "open" indicates there is something undetermined by the contract of the parties or by the application of settled rules of law, and an account cannot be said to be open when no term of the contract remains to be settled by agreement of the parties. McCamant v. Batsell, 59 Tex. 363–368.'"

In the case of Checotah Hardware Co. v. Housel, 169 Okl. 112, 35 P.2d 966, this Court defined the term "outstanding and open account" as "an unsettled debt arising from items of work and labor, goods sold and delivered, and other open transactions not reduced to writing, and subject to future settlement and adjustment." (Citing 1 R.C.L. 207).

■ As has been noted, the trial court found that defendant had contracted for plaintiff's materials and services. In line with the testimony given in the trial, as above shown, there inheres in the trial

court's judgment a finding that defendant agreed to pay plaintiff on a "time material basis" plus a percentage of profit, although defendant denied making such an agreement. Under these facts, we do not believe this is such a situation as the Legislature had in mind in referring to "open account" when providing for the setting of attorney's fees in civil actions wherein recovery is made on such an account. We determine that the trial court erred in setting an attorney fee in the judgment from which this appeal was taken. See Globe & Republic Ins. Co., etc., v. Independent Trucking Co., Inc., etc., supra.

Plaintiff in answer brief asks this Court to grant it $750.00 as attorney fees for services of its attorney in defending this appeal, in addition to the fee allowed by the trial court. This we decline to do for the foregoing reasons.

The judgment of the trial court is accordingly affirmed except as to the setting of an attorney fee for plaintiff, as to which part of such judgment same is reversed.

Plaintiff calls our attention to supersedeas bond and prays for judgment thereon. The bond is in the principal amount of $4,800.00, executed by the defendant as principal and R. M. Akers, Oklahoma County, as surety. In accord with Rule 31 of the Rules of this Court (12 O.S. 1961 c. 15, Appeal and Error, Appendix) and plaintiff's request, judgment is hereby rendered on such bond, against the surety thereon, as well as the defendant, in the amount of $1,778.70, with interest thereon at the rate of 6 per cent per annum from April 1st, 1963, until paid, and the costs to which plaintiff is entitled; and the trial court is directed to enforce this judgment as if rendered in that court.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.