Paul A. NICHOLSON, Plaintiff-in-Error,

v.

Thomas C. THIXTON, Defendant-in-Error.

No. 41787.

Supreme Court of Oklahoma.

Dec. 17, 1968.

Waldo F. Bales, Tulsa, for plaintiff in error.

Marvin T. Johnson, Tulsa, for defendant in error.

BERRY, Justice.

Presented for determination is the single question of correctness of a trial court's judgment allowing attorney's fees in an action to recover for work and services performed.

Plaintiff sued upon what was alleged to be an open account created by employment under an oral contract for architectural work for prospective construction of a residence. Plaintiff alleged there was an agreed fee equal to 8% of total cost or, in event the building was not erected, services were payable at the rate of $7.00 per hour; expenditure of 110 hours in perfecting plans and specifications, which work was of value of $770.00; defendant's abandonment of the project and refusal to pay for services after demand therefor. All taxes due upon such account had been paid, and plaintiff prayed judgment for amount claimed by itemized statement, interest, costs, and sum of $350.00 as reasonable attorney's fees.

Defendant moved to strike the allegation relative to the demand for interest, and the

claim for attorney's fees, upon grounds same were not properly part of the cause of action. Upon hearing the parties stipulated $200.00 would be a reasonable attorney's fee, if such item was allowable. The motion to strike was overruled, and upon defendant's refusal to plead further plaintiff moved for judgment upon the pleadings. The trial court then entered judgment for plaintiff as prayed, together with interest, costs and attorney's fee. After motion for new trial was overruled defendant perfected this appeal upon the original record.

The question arises by reason of 12 O.S. 1961, § 936, which provides:

"In any civil action to recover on an open account the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

In defense of the judgment plaintiff urges the instant case must be considered an open account because the only agreement was as to continuation of the work upon an hourly rate previously agreed upon, other matters resting with defendant. Plaintiff measures this analysis by application of the definitions of open account set forth in Durkin v. Durkin, 133 Cal.App. 2d 283, 284 P.2d 185, and Gheen v. Construction Equipment Co., 49 Wash.2d 140, 298 P.2d 852. The conclusion urged is that this situation reflects existence of an open account, by reason of which an attorney's fee properly was allowable under the statute, supra.

Analysis and discussion of definitions or rules delineated in cases from other courts becomes unnecessary in view of the precise results reflected in our own decisions. Questions relative to definition and existence of open accounts were considered recently in Whitson v. Wetherbee Elec. Co., Okl., 416 P.2d 888. There, after distinguishing our holdings in Globe & Republic Ins. Co., etc. v. Independent Trucking Co., Okl., 387 P.2d 644, and Sanditen v. Brooks Flame-Spray, Inc., Okl., 403 P.2d 471, the

text rules from 1 Am.Jur., Accounts and Accounting § 3, was quoted, together with the definition of "open account" noted in 1 C.J.S., Account, at p. 574.

In Whitson, supra, we reiterated the acceptable definition of open account stated in Quapaw Pumping and Royalty Co. v. Camblin, 106 Okl. 112, 232 P. 84. We also quoted from Checotah Hdw. Co. v. Housel, 169 Okl. 112, 35 P.2d 966, at p. 967, wherein this text rule appears (1 R.C.L. 207):

"The expression 'outstanding and open account' has a well-defined and well-understood meaning. In legal and commercial transactions it is an unsettled debt arising from items of work and labor, goods sold and delivered, and other open transactions, not reduced to writing, and subject to future settlement and adjustment."

Although recognizing "this definition extends further than the words of our statute", the rule is stated:

" * * * it is still sufficient to convey the meaning of the word 'account' as used in our statute. Thus the word 'account' means items of work and labor, goods sold and delivered, and other open transactions not reduced to writing, and subject to future settlement and adjustment. * * * "

■ The basis of the text rules mentioned, plainly accepted and applied in our decided cases, requires existence of these factors to establish an open account: (1) an account based upon running or concurrent dealings; (2) these dealings have not been closed, settled or stated; (3) some term of the contract remains to be settled between parties, or the agreement contemplates further transactions between the parties.

■ Plaintiff relied upon an oral contract of employment, under which all terms were settled. There were no running or concurrent dealings, no term of the contract remained subject to future adjustment, and no transaction remained open.

Under such situation the controlling rule appears in Sanditen, supra, which states:

"It is our opinion that the record reflects an independent and complete oral contract transaction with all the terms agreed upon, including payment of debt incurred by defendant, with nothing left open for additional connected services or sale of goods. It was not an open account as required by the cited statute."

The trial court erred in allowing an attorney's fee to plaintiff. The question considered will not occur hereafter, by reason of amendment of section 936, supra, in effect at the date this judgment was rendered. See 12 O.S.Supp.1967 § 936.

Judgment is reversed as to allowance of attorney's fee.

All Justices concur.