454 So.2d 695 (1984)
ROBERT W. GOTTFRIED, INC., Appellant,
v.
Joseph E. COLE and Marcia Cole, His Wife, Appellees.
No. 82-1247.
District Court of Appeal of Florida, Fourth District.
August 8, 1984.
Rehearing Denied September 18, 1984.
Douglas E. Thompson of Farish, Farish & Romani, West Palm Beach, for appellant.
Ronald Sales of Sales & Weissman, P.A., West Palm Beach, for appellees.
LETTS, Judge.
This case involves a builder who sued a homeowner for the balance of an unpaid "open account," predicated on failure by that owner to pay for completed work ordered by him on his property. The work consisted of additions and alterations to his house and for construction of a pool cabana. During the nonjury trial, the judge granted a motion for involuntary dismissal at the close of the plaintiff builder's case on the basis that the suit could not travel solely on an open account theory, but should have properly sounded in breach of a specific construction contract. We disagree and reverse.
The builder's initial complaints, later consolidated, sought to foreclose mechanics liens and as later amended, equitable liens. These were properly dismissed as defective with further leave to amend. The builder *696 contends it was not proper to dismiss them but while we disagree, we do not need to articulate our disagreement because the builder abandoned the lien counts altogether and refiled a second amended complaint grounded solely on the basis of an open account.[1]
The builder failed to plead over on the lien theories, did not include a breach of contract count and/or did not proceed upon the theory of quantum meruit. Since these theories are not before us, we cannot consider them. Our only task is to determine if the builder presented a case upon the theory of an open account sufficient to withstand a motion for involuntary dismissal and we think he did.
An "open account" is difficult to define. As noted in 1 Am.Jur.2d 373, other synonymous phrases include "open current account" "running account" and "mutual open, current account." There is a paucity of Florida case law on this subject, but borrowing from the case cited by the trial judge, it is there defined as an unsettled debt arising from items of work and labor, goods sold and delivered, with the expectation of further transactions subject to future settlement and adjustment. See Delta Tank Manufacturing Co. v. Dearborn Machinery Movers Company, Inc., 144 So.2d 698, 700 (La. App. 1962) citing 1 C.J.S. Account § 1.
In the case at bar, counsel for the homeowners deftly argued to the trial judge that the transactions here could not constitute an open account because the house on which the improvements were made by the builder had been already built and occupied, as had the pool house. In consequence, so the argument went, no further dealings between the parties were contemplated and the work performed constituted a single underlying construction contract, certain and performed  ergo, not an open account.
The homeowner has not argued that an open account can never be evidenced by a writing and we not only believe it can be, but we think it was in this case, by reason of the following letter:
 January 24, 1978
 Mr. and Mrs. Joseph E. Cole
 c/o Louis Leibovit, Attorney
 350 Royal Palm Way
 Palm Beach, Florida 33480
 Re: Sale of residence  1190 North
 Ocean Boulevard,
 Palm Beach, Florida
Dear Marcie and Joe:
On today's date both of you entered into a Contract of Purchase and Sale with Martha A. Gottfried for the purchase of the residence located at 1190 North Ocean Boulevard, Palm Beach, Florida and the Cabana Beach House located directly to the East of the residence owned by Anatole B. Hollis.
In view of the fact that the residence was erected and constructed by the undersigned, you may accept this letter as the undersigned's firm commitment and guarantee as follows:
1. That the above-described residence and all appurtenances in conjunction therewith shall be fully and completely guaranteed and warranted as to materials, workmanship and construction for a period of one (1) calendar year from and after the actual closing date of this transaction.
2. That the undersigned, upon your request, will erect and construct on the above-described property a pool house and cabana and any and all other improvements which you might desire at the actual cost of the undersigned. This agreement on the part of the undersigned shall continue for a period of three (3) calendar years from and after the actual closing date of this transaction.
Trusting that this letter fully sets forth our understanding on the subject, and with all good wishes and kind regards, I am,
 Very sincerely yours,
 ROBERT W. GOTTFRIED,
 INC.
*697 To us, this letter, coupled with the proof adduced during the presentation of the plaintiffs case, supported a cause of action upon an open account for the following reasons:
1. The letter does contemplate future transactions, because it offers at cost "any and all other improvements which you might desire at the actual cost of the undersigned ... for a period of three (3) calendar years." In fact, there is competent and substantial evidence in the record that the homeowner did not merely call for warranty work on the main house and pool house, but, from time to time, unrelated improvements and alterations.
2. The arrangement set forth in the letter clearly called for a continuing relationship over three years and was more, much more, than a one-shot construction contract for a pool house.
3. As to the pool house, no plans are detailed in the letter, no price is quoted for its construction and there is testimony that the owner changed his mind twelve times and repeatedly called for alterations thereto.
4. There is no question that the arrangement resulted in an unsettled debt arising from items of work and labor and goods sold and delivered. The terms of the letter are not fixed and certain. Some warranty work was done, supposedly for free, and some work was for improvements ordered at different times during that part of the three year period prior to the dispute. The debt to be incurred would vary over the three year period depending on how much work was requested by the owner.
In view of the above numbered paragraphs, the writing here involved is not such as can support the theory of a fixed and certain construction contract. No price is quoted so that the eventual debt is unsettled, the extent of the work to be done, is unlimited and the totals of goods and labor to be furnished are not ascertainable. The offer to perform any and all desired improvements is to continue for three years and only then can there be a final settlement and adjustment.[2] Indeed, even the owner, in a letter to the builder, said: "I didn't realize that costs would be much more than retail when the price was left open rather than fixed." (emphasis supplied)
As a result, we conclude there was sufficient competent and substantial evidence of an open account to withstand a motion for involuntary dismissal at the close of the plaintiff builder's case.
Upon remand the builder cannot begin anew with multiple counts. The law is clear that he is restricted to the open account theory, Dober v. Worrell, 401 So.2d 1322, 1324 (Fla. 1981), subject to the owner's right to present all of his claims on which the latter took a voluntary dismissal.
DOWNEY and DELL, JJ., concur.
NOTES
[1] The complaint might be construed as one for an "account stated," but while this was considered at the trial level, it is clear the open account theory was the only one tenable.
[2] The owner cites to Troendle v. Boudreaux, 246 So.2d 732 (La. App. 1971) but there the facts reveal a contractual relationship for the repair and renovation of a single floor "... the terms ... were fixed and certain and pertained to one job only." Likewise the citation to Nicholson v. Thixton, 448 P.2d 454 (Okla. 1968) is inapt on the facts which latter case called for alternative methods of calculating architectural fees incurred under a contract to provide architectural fees to build a single family residence.