FLETCHER, Judge.
Multi-Line Claims Service, Inc. [Multi-Line] appeals the trial court’s final sum *145 mary judgment in favor of Cumis Insurance Society, Inc. [Cumis]. We reverse.
Multi-Line is a licensed, independent insurance claims adjusting firm and third party claims administrator. Cumis is an insurance company that insured the-Homestead Air Force Base Federal Credit Union, which sustained damage in Hurricane Andrew. In September 1992, Cumis, pursuant to oral agreement, retained Multi-Line to perform claims adjusting services with respect to the hurricane-damaged Credit Union, and advanced certain interim sums for these services on October 5, 1992.[1] Multi-Line rendered its final invoice to Cumis on April 6, 1993. The record on appeal indicates that on July 8, 1993, Cumis sent correspondence to Multi-Line that indicated it disputed the amount of the invoice, and Cumis thereafter did not pay the final invoiced amount. The invoice did not specify when payment was due, but Multi-Line’s principals testified that they are usually paid within 60-120 days of rendition of invoice.
On June 4, 1997, Multi-Line sued Cumis for breach of oral contract and quantum meruit. Cumis answered, raising a statute of limitations defense, and moved for summary judgment on the theory that Multi-Line’s breach of contract claim was actually an action on open account. Cumis argued that because the four-year statute of limitations as set forth in section 95.11(3)(k), Florida Statutes (1997) began to run from the rendition of the April 6, 1993 invoice, the action filed in June 1997 was barred.[2] Multi-Line argued that the four-year statute of limitations on an action for breach of an oral contract accrues at the time the party asserting breach is put on notice of the breach, which would have been the July 8, 1993 correspondence from Cumis disputing the amount invoiced. The lower court granted the motion for summary judgment, denied Multi-Line’s motion for rehearing, and entered final judgment for Cumis.
The record on appeal shows that Multi-Line specifically stated a cause of action for breach of oral contract for the Credit Union claims adjusting transaction that, although ongoing for a time, contemplated an end to services provided once all of Cumis’s claims for that particular hurricane-damaged property had been processed, and a final invoice was rendered to Cumis pursuant to a fixed fee schedule.[3] With that in mind, the lower court erred in granting summary judgment to Cumis where Multi-Line sufficiently set forth a cause of action for breach of an oral contract, and there remains a genuine issue of fact regarding whether the claim is barred by section 95.11(3)(k), Florida Statutes (1997), the four-year statute of limitations applicable to oral contracts.
Accordingly, we reverse the trial court’s entry of final summary judgment in favor of Cumis Insurance Society, Inc., and remand with instructions to reinstate Multi-Line Claims Service, Inc.’s breach of contract claim.

. Cumis agreed to compensate Multi-Line in accordance with Multi-Line’s “1992 Storm Fee Schedule,” wherein Multi-Line's fee would be based on the amount of gross loss experienced by Cumis’s insured. Multi-Line’s fee would increase incrementally up to an amount certain, after which it would be paid $32.00 for each $1000.00 of additional loss on the claim. Multi-Line would also be entitled to reimbursement for other costs listed in the 1992 Storm Fee Schedule.

. Section 95.1 l(3)(k), Florida Statutes (1997) provides that an action "on a contract, obligation, or liability not founded on a written instrument ...” shall be commenced within four years.

.An open account is defined as, variously, an "unsettled debt arising from items of work and labor, ... with the expectation of further transactions subject to future settlement and adjustment." [emphasis supplied] Robert W. Gottfried, Inc. v. Cole, 454 So.2d 695 (Fla. 4th DCA 1984); see also H & H Design Builders, Inc. v. Travelers’ Indemnity Co., 639 So.2d 697 (Fla. 5th DCA 1994).